951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pat MELTON; Bonnie Melton, a marital community, Plaintiffs-Appellants,
v.
Floyd Randall MOORE, aka F. Randall Moore, aka Randy Moore,
dba Randy's Automotive, Defendant-Appellee.
 No. 91-35080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1991.*
Decided Jan. 8, 1992.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In an opinion filed January 13, 1992 we held that the Supreme Court's change in the standard of proof for establishing a dischargeability claim under section 523(a) of the Bankruptcy Act, announced in Grogan v. Garner, 111 S.Ct. 654, 661 (1991), would not be given retroactive effect to afford Pat and Bonnie Melton a new trial. In this memorandum disposition we reject the Meltons' remaining arguments.
 
 
 3
 The decision of the district court, which affirmed the bankruptcy court, is affirmed.
 
 A. Benefit Required to Impute Fraud
 
 4
 The Meltons argue that the bankruptcy court misinterpreted California State Bank v. Lauricella (In re Lauricella), 105 B.R. 536 (Bankr. 9th Cir.1989), in requiring proof that Moore benefitted from Griggs' fraud in order to hold the debt nondischargeable under 11 U.S.C. § 523(a)(2)(A).
 
 
 5
 The debtor in In re Lauricella was a shareholder and officer of a corporation in which the other principal engaged in a check-writing scheme which artificially increased the corporation's bank account. The debtor did not participate in or have knowledge of the fraudulent scheme of his partner. In holding that the partner's wrongful conduct could not be imputed to the innocent debtor, the bankruptcy appellate panel ("BAP") emphasized three factors: "there was virtually no evidence that [the corporation] benefitted from the [fraudulent] scheme, that the scheme occurred in the ordinary course of [the corporation's] business, or that debtor benefitted from the kiting scheme." Id. at 540 (emphasis added).
 
 
 6
 It is clear from the BAP's analysis in In re Lauricella that it relied on all three of the stated factors in concluding that the partner's fraud could not be imputed to the innocent debtor. Applying In re Lauricella to this case, we conclude that the bankruptcy court did not err in requiring proof that Moore benefitted from Griggs' fraud in order to hold the debt nondischargeable under section 523(a)(2)(A).
 
 
 7
 The Meltons attempted to show, as a factual matter, that Moore benefitted from Griggs' fraud. They did not succeed. Although Moore received some income from the venture, he put more money into Intertel than he took out. He was deceived by Griggs as were the investors. And it was Griggs, as the evidence clearly shows, who obtained the ultimate benefit of the fraud. See In re Lauricella, 105 B.R. at 539 (in deciding whether to impute partner's fraud to innocent debtor court must determine who received "the ultimate benefit" of the fraud).
 
 
 8
 We also reject the Meltons' argument that Moore received a benefit from the loan made to Intertel on September 17, 1987. Although the Meltons' check was made payable to Moore, the evidence shows it was understood the loan was being made to Intertel, not to Moore individually. Moore's testimony explaining that he did not benefit from the loan but turned the proceeds over to Griggs outweighs any implication of benefit to him arising from the circumstance that his signature is on the face of the note. See In re Lauricella, 105 B.R. at 539.
 
 B. Partnership Between Moore and Griggs
 
 9
 The Meltons contend the bankruptcy court erred in finding that Moore and Griggs were not partners. We disagree.
 
 
 10
 The question whether a partnership exists under Washington law is "essentially factual," and best resolved by the factfinding tribunal. See Pullman-Standard v. Swint, 456 U.S. 273, 288 (1982); United States v. McConney, 728 F.2d 1195, 1203-04 (9th Cir.1984), cert. denied, 469 U.S. 824 (1984).
 
 
 11
 The evidence is undisputed that Griggs created the illusion of Intertel as a profitable enterprise so that he alone could reap the benefits from money provided by investors. It is also plain that while Griggs was a scoundrel, he completely duped Moore. Griggs did not intend to enter into an association with Moore to carry on as co-owners a business for profit, as required by Revised Code of Washington § 25.04.060(1). Although Moore may have wanted to enter into such an association with Griggs, Griggs did not share this intent. See Kintz v. Read, 28 Wash.App. 731, 626 P.2d 52, 55 (1981) (finding of no partnership supported by substantial evidence where there was no meeting of the minds of the parties, they had different goals, understandings, and interests).
 
 
 12
 Finally, the Meltons argue the evidence established a partnership by estoppel. This argument lacks merit. A partnership by estoppel will be found "when a person, by words spoken or by written conduct, represents himself ... as a partner in an existing partnership," and the person to whom such representation has been made gives credit to the actual or apparent partnership on the faith of such representation. Wash.Rev.Code Ann. § 25.04.160(1) (West 1976).
 
 
 13
 There is no evidence to show that Moore, either by words or conduct, represented himself to the Meltons as a partner in an existing partnership on September 17, 1987, when the loan at issue was made. In fact, the evidence is undisputed that the Meltons understood this loan was being made to Intertel, the corporation. Moreover, the bankruptcy court found that the Meltons lent their $80,000 to Intertel because they wanted a sizable profit, not because Moore made any representation that Intertel was a partnership.
 
 C. Rule 38 Sanctions
 
 14
 The Meltons' arguments on appeal are not "wholly without merit." See Kehr v. Smith Barney, Harris Upham & Co., 736 F.2d 1283, 1288 (9th Cir.1984), and we decline to award sanctions for a frivolous appeal under Fed.R.App.P. 38.
 
 D. Conclusion
 
 15
 The bankruptcy court's findings of fact upon which its judgement is based are not clearly erroneous, and the bankruptcy court correctly interpreted the applicable law and applied it to the facts found.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3