967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Michael BRONSTEIN, Debtor.
TEAMSTERS AND FOOD EMPLOYERS SECURITY TRUST FUND, Plaintiff-Appellee,
v.
Michael BRONSTEIN, Defendant-Appellant.
 No. 91-55112.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Submission Vacated April 16, 1992.
Resubmitted June 18, 1992.
Decided July 2, 1992.
 
 Before WALLACE, Chief Judge, and JAMES R. BROWNING and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The debtor, Michael Bronstein, appeals the district court's decision holding that a prior finding of fraud precludes relitigation of the fraud issue for purposes of determining dischargeability pursuant to 11 U.S.C. § 523(a). Because the elements of collateral estoppel were met, affirmance is required by the rule announced in Grogan v. Garner, 111 S.Ct. 654 (1991), held to apply retroactively in Melton v. Moore, No. 91-35080, slip op. at 5569, 5573-75 (9th Cir. May 15, 1992).
 
 AFFIRMED.[1]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee asks that sanctions be levied against appellant's counsel. We do not find appellant's counsel acted "unreasonably and vexatiously" to multiply the proceedings by bringing this appeal. See 28 U.S.C. § 1927. Nor do we find counsel's behavior violated the Federal Rules of Appellate Procedure. See FRAP 46(c) (the court may take any appropriate action against an attorney for conduct unbecoming a member of the bar or for failure to comply with the rules of court); FRAP 38 ("If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."). Thus we decline to impose sanctions