**In re Jack M. COLE, Debtor.**

**John L. GALVIN, Plaintiff,**

v.

**Jack M. COLE, Defendant.**

Bankruptcy No. 91–3434.

No. 90–33209.

United States Bankruptcy Court,
N.D. Ohio, W.D.

May 20, 1993.

Robert L. Balyeat, Lima, OH, for plaintiff.

Donald G. Mayer, Wilmington, OH, for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Trial on Complaint to Determine Dischargeability of Debt. At the Trial, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that Defendant's debt to Plaintiff of Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) is Nondischargeable.

### FACTS

Plaintiff is sole proprietor and President of Allen County Aviation. Defendant is a contractor, doing business as Stinebaugh Construction Corporation (hereafter "Stinebaugh"). Plaintiff and Defendant entered into a contract on or about April 19, 1990 whereby Defendant agreed to place a shake shingle roof on Plaintiff's home for Thirty Thousand Three Hundred Ninety Nine and 00/100 Dollars ($30,399.00). Defendant estimated that the roof required 125 square feet of shingles, at a cost of One Hundred and 00/100 Dollars ($100.00) per square foot. Plaintiff gave Defendant a check for Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) toward the purchase of shingles through Fidelity Builders. According to Defendant, this amount was needed to obligate Defendant on the purchase of shingles with the supplier. Although Defendant did not purchase the shingles, Defendant claims that it was his intention upon entering into the contract to complete the roofing job.

When neither Defendant nor his crew appeared for work on May 7, 1990 or May 8, 1990, Plaintiff called Defendant. Defendant agreed to commence work on May 14, 1990. On May 14, 1990, Defendant failed to appear so Plaintiff called him. Defendant went to see Plaintiff on the same date and advised him that he was closing his business. Plaintiff ultimately obtained another contractor and paid the sum of Fifty Two Thousand and 00/100 ($52,000.00), inclusive of the Twelve Thousand Five Hundred and 00/100 Dollar

($12,500.00) given to Defendant, to shingle his roof.

Defendant filed a Chapter 11 Petition under the Bankruptcy Code on September 18, 1990. The case was converted to a case under Chapter 7 of the Bankruptcy Code on June 25, 1991. Defendant's discharge was granted on November 4, 1991. The first date set for the meeting of creditors held pursuant to 341(a) of the Bankruptcy Code was August 19, 1991. Plaintiff's Complaint to Determine Dischargeability of the Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) payment was filed on October 15, 1991 and amended on January 13, 1992. Defendant's Answer was filed January 6, 1992.

For purposes of Trial, this case was consolidated with Case Number 91-3433, *Henry Gerad v. Jack Cole*, 164 B.R. 951 (Bankr. N.D.Ohio 1993). In that case, Defendant obtained Five Thousand 00/100 Dollars ($5,000.00) from Mr. Gerad on April 7, 1990 under the pretense that a deposit was needed for the purchase of a furnace. Defendant also failed to purchase the furnace and complete the job for Mr. Gerad.

*LAW*

**11 U.S.C. § 523**

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting he debtor's or an insider's financial condition;

*DISCUSSION*

Plaintiff seeks a determination that the Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) paid to Defendant for the purchase of shingles is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Determinations as to the dischargeability of a particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This matter is a core proceeding.

A "false pretense" involves an implied misrepresentation or conduct intended to create or foster a false impression. *In re Begun*, 136 B.R. 490 (Bankr.S.D.Ohio 1992). (citing *In re McCoy*, 114 B.R. 489, 498 (Bankr.S.D.Ohio 1990). In effect, debtor's conduct is designed to convey an impression without oral representation. A "false representation" is an expressed misrepresentation. *In re Begun, id.* (citing *In re Dunston*, 117 B.R. 632, 639–40 (Bankr.D.Colo.1990)). A debtor's silence may constitute a materially false representation prohibiting discharge of the indebtedness. *In re Begun, id.* (citing *In re McCoy*, 114 B.R. at 489)).

The standard of proof in determining dischargeability of debts obtained by false pretenses or a false representation under 11 U.S.C. § 523(a) is preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). To succeed in a cause of action under § 523(a)(2)(A), Plaintiff must prove by a preponderance of the evidence the following: (1) Defendant obtained money from Plaintiff through a material representation; (2) Defendant made the representation with knowledge of its falsity or with gross recklessness as to its truth; (3) Defendant intended to deceive Plaintiff; (4) Plaintiff relied upon Defendant's false representation; and (5) Plaintiff's reliance upon Defendant's false representation is the proximate cause of Plaintiff's loss.

The evidence unequivocally shows that the money Defendant received from Plaintiff was obtained by false pretenses and a false representation. Defendant entered into a contractual obligation with the apparent knowledge that Stinebaugh was encountering financial difficulty. Defendant expressly represented to Plaintiff that Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) was needed by the supplier to obligate him on the purchase of shake shingles. Defendant accepted Plaintiff's check, creating the impression that Stinebaugh was an ongoing business; that he would purchase the requisite number of shingles; and that he would commence the roofing job on May 7, 1990. Instead, Defendant cashed the check

on the following day and used the proceeds to pay outstanding business debt. Plaintiff, relying on Defendant's impressions, expected Defendant to commence work on May 7, 1990. When confronted with his failure to appear, Defendant advised Plaintiff that he would commence work on May 14, 1990. Defendant, by his silence, fostered the impression that he had purchased the materials necessary to complete the roofing job. Plaintiff's reliance upon Defendant's representations and impressions caused him to lose Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00).

██ It is clear that Defendant obtained money from Plaintiff through a material representation; that Defendant made the representation with gross recklessness for its truth; the Plaintiff relied upon Defendant's representation; and that Plaintiff's reliance upon Defendant's false representation is the proximate cause of Plaintiff's loss. However, it is less clear if Defendant, in making the representation regarding the need for money to purchase materials, had the requisite intent to deceive Plaintiff. Intent ordinarily cannot be proved by the direct evidence since there is no method of fathoming or scrutinizing the operation of the human mind. See *United States v. Connery*, 867 F.2d 929 (6th Cir.1989). Since it is unlikely that the Defendant will ever admit his intent to deceive, a finding of actual intent may be based upon circumstantial evidence or inferences drawn from a course of conduct. *In re Devers*, 759 F.2d 751 (9th Cir.1985). Although gross recklessness is sufficient to establish "intent to deceive" within the statutory exception to discharge under 11 U.S.C. § 523(a)(2)(B), this Court finds that same principles applicable under 11 U.S.C. § 523(a)(2)(A).

The sequence of events in this case and the companion *Gerad* case establishes a course of conduct whereby Defendant knowingly entered into agreements with Plaintiff and Mr. Gerad for purposes of obtaining money. Defendant obtained Five Thousand and 00/100 Dollars ($5,000.00) from Mr. Gerad on April 7, 1990 under the pretense that the supplier required a deposit. Mr. Gerad presented evidence which showed that the supplier did not require a deposit nor did Defendant pur-chase the furnace. On April 19, 1990, Defendant obtained Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) from Plaintiff for the purchase of shingles. Likewise, Defendant failed to purchase the shingles. With knowledge that he did not have the requisite materials or the money to purchase materials, Defendant perpetuated the misrepresentation by promising to commence work on a date certain. When Defendant advised Plaintiff that he was terminating his business, Defendant had already spent both Plaintiff's and Mr. Gerad's money.

This Court is convinced that on April 19, 1990, the date Defendant entered into contract with Plaintiff, Defendant could foresee the imminent closing of his business. Defendant had no intentions to further obligate himself on the purchase of shingles when he took Plaintiff's check. Defendant's intentions were to keep his business alive by obtaining money to satisfy creditors. Defendant's course of conduct with Plaintiff, as well as Mr. Gerad, is indicative of his intentions to deceive them for purposes of obtaining money. Accordingly, the Court finds that Defendant obtained money from Plaintiff by false pretenses and a false representation. Under 11 U.S.C. § 523(a)(2)(A), money so obtained is excepted from discharge.

In reaching the conclusion found herein, the Court has considered the demeanor of all witnesses, all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Defendant's debt to Plaintiff in the amount of Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) be, and is hereby, **NONDISCHARGEABLE.**