In re Jack M. COLE, Debtor.

Henry GERAD, Plaintiff,

v.

Jack M. COLE, Defendant.

Bankruptcy No. 91–3433.
Related Case No. 90–33209.

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 15, 1993.

Quentin M. Derryberry, II, Wapakoneta, OH, for debtor/defendant.

Robert L. Balyeat, Lima, OH, for plaintiff.

*MEMORANDUM OPINION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Complaint to Determine Dischargeability and Defendant's Answer. At the Trial, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds Defendant's indebtedness to Plaintiff amounting to Five Thousand and 00/100 Dollars ($5,000.00) Nondischargeable.

*FACTS*

At the time these parties met, Defendant was sole shareholder and President of Stinebaugh Construction (hereafter "Stinebaugh"). Plaintiff hired Defendant to draw blueprints for the construction of his home. On December 22, 1989, Plaintiff gave Defendant a check for Three Thousand and 00/100 Dollars ($3,000.00) as an advance payment toward the contract amount of Four Thousand and 00/100 Dollars ($4,000.00). The balance was paid by check on March 16, 1990. On April 6, 1990, Plaintiff gave Defendant a check for Five Thousand Four Hundred and 00/100 Dollars ($5,400.00). The check's notation indicates that the proceeds were to be deposited toward the purchase of furnaces and an intercom system. Plaintiff gave Defendant a check for Two Thousand Four Hundred and 00/100 Dollars ($2,400.00) on April 20, 1990. This check's notation indicates "Ohio Power".

The issues in this case arise from the issuance of the check dated April 6, 1990. On February 22, 1990, Plaintiff obtained a written proposal from John P. Timmerman Company (hereafter "Timmerman") for the sale of two (2) Lennox Pulse Furnaces. Plaintiff submitted the proposal to Defendant. Plaintiff suggested that the deposit check be made payable to Timmerman. At Defendant's insistence, Plaintiff issued a Five Thousand Four Hundred and 00/100 Dollars ($5,400.00) check made payable to Stinebaugh on April 6, 1990. Defendant accepted Timmerman's proposal on April 11, 1990 and on May 14, 1990, Stinebaugh went out of business. On June 20, 1990, Timmerman approved the proposal.

Defendant purchased Plaintiff's NuTone intercom system for Four Hundred and 00/100 Dollars ($400.00). Defendant did not tender the remaining Five Thousand and 00/100 Dollars ($5,000.00) to Timmerman for the purchase of the furnaces nor did he return any money to Plaintiff. Instead, Defendant used the proceeds to pay ·Stinebaugh's bills.

Defendant filed a Chapter 11 Petition under the Bankruptcy Code on September 18, 1990. The case was converted to a case under Chapter 7 of the Bankruptcy Code on June 25, 1991. Defendant's discharge was granted on November 4, 1991. The first date for the Meeting of Creditors held pursuant to 341(a) of the Bankruptcy Code was August 19, 1991. Plaintiff's Complaint to Determine Dischargeability of the Five Thousand and 00/100 Dollar ($5,000.00) payment was filed on October 15, 1991.

For purposes of Trial, this case was consolidated with Case Number 91–3434, *John L. Galvin v. Jack M. Cole*, 164 B.R. 947. The facts of that case mimic these. Defendant obtained Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) from Mr. Galvin under the pretense that a deposit was needed to obligate Defendant on the purchase of shake shingles. Defendant failed to purchase the shingles and instead, used the money to pay Stinebaugh business debt. This Court, in its Memorandum Opinion and Order filed May 20, 1993, found Defendant's indebtedness to John Galvin Nondischargeable.

*LAW*

The relevant Section of 11 U.S.C. § 523 reads as follows:

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

### DISCUSSION

Plaintiff seeks a determination that Defendant obtained Five Thousand and 00/100 Dollars ($5,000.00) by false pretenses, false representation or actual fraud; and that Defendant's Five Thousand Dollars ($5,000.00) indebtedness is nondischargeable. Under 11 U.S.C. § 523(a)(2)(A), the determination of the dischargeability of a particular debt is a core proceeding. This matter is a core proceeding.

■ The standard of proof in determining dischargeability of debts obtained by false pretenses, false representation or actual fraud is preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). A "false pretense" involves an implied misrepresentation or conduct intended to create or foster a false impression. *In re Begun*, 136 B.R. 490 (Bankr.S.D.Ohio 1992) (citing *In re McCoy*, 114 B.R. 489, 498 (Bankr.S.D.Ohio 1990)). A "false representation" is an expressed misrepresentation. *In re Begun, id.* (citing *In re Dunston*, 117 B.R. 632, 639–40 (Bankr. D.Colo.1990)). A debtor's silence may constitute a materially false representation prohibiting discharge of the indebtedness. *In re Begun, id.* (citing *In re McCoy*, 114 B.R. at 489). "Actual fraud" has been defined as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud. *United States v. Lichota*, 351 F.2d 81 (6th Cir.1965), *cert. denied*, 382 U.S. 1027, 86 S.Ct. 647, 15 L.Ed.2d 540 (1966).

■ To succeed in a cause of action under Section 523(a)(2)(A), Plaintiff must prove by a preponderance of the evidence that (1) Defendant obtained money from Plaintiff through a material representation; (2) Defendant made the representation with knowledge of its falsity or with gross recklessness as to its truth; (3) Defendant intended to deceive Plaintiff; (4) Plaintiff relied upon Defendant's false representation; and (5) Plaintiff's reliance upon Defendant's false representation is the proximate cause of Plaintiff's loss.

■ Plaintiff claims that Defendant obtained Five Thousand and 00/100 Dollars ($5,000.00) from him under the pretense that a deposit was needed to purchase the furnaces. Defendant's Trial and Deposition testimony regarding his representation in obtaining the money is contradictory. Therefore this Court affords little weight to Defendant's testimony concerning the deposit. Plaintiff's assessment of Defendant's representation is more credible.

Defendant testified at Trial that earnest money was needed to assure Plaintiff's commitment to the purchase. However, in his Deposition, at page 15, Defendant claimed that a deposit was needed to compensate Stinebaugh for obligating itself with Timmerman. Defendant's argument fails on both counts. Typically, earnest money is applied toward the purchase. Plaintiff's check notation evidences his intent that the proceeds constitute a deposit for the purchase. Absent an agreement to the contrary, this Court believes that Plaintiff's earnest money would have been traditionally applied toward the purchase. Defendant's argument that Plaintiff compensated him to obligate Stinebaugh with Timmerman is equally flawed. Defendant testified at Trial that Plaintiff had compensated him for all services rendered. It is unfathomable that Plaintiff would compensate Defendant Five Thousand and 00/100 Dollars ($5,000.00) for merely signing his name to a proposal which Plaintiff had already obtained from Timmerman. This Court finds it more likely that Defendant's material representation to Plaintiff focused upon the need for a monetary deposit incident to purchase of the two (2) furnaces.

This Court further finds that Defendant's representation to Plaintiff was made with gross recklessness for its truth. Defendant was aware that Plaintiff intended for the proceeds from the check to be used as a deposit on the purchase of furnaces. In fact, Plaintiff suggested to Defendant that the check be made payable to Timmerman. De-

954

fendant vetoed this idea and convinced Plaintiff to make the check payable to Stinebaugh. Defendant's acceptance of the check created and fostered the impression that he would apply the proceeds toward Plaintiff's purchase.

When determining if Defendant intended to deceive Plaintiff when he obtained the money, this Court must resort to circumstantial evidence or inferences inferred from a course of conduct. *In re Devers,* 759 F.2d 751 (9th Cir.1985). The sequence of events in this and the companion case of *Galvin* establishes a course of conduct in which Defendant entered into agreements with Plaintiff and John Galvin for the sole purpose of obtaining money.

Defendant admits in his Deposition, at page 30, that Stinebaugh's survival was contingent upon receipt of several contracts. His expectation was to be awarded these contracts shortly after April 19, 1990. This Court finds Defendant's testimony evidence that Stinebaugh was struggling to stay afloat and Defendant knew closing was imminent. During the thirty-five (35) days preceding the closing of Stinebaugh, Defendant obtained Seventeen Thousand Five Hundred and 00/100 Dollars ($17,500.00) from Plaintiff and John Galvin, with intentions of honoring his contractual commitment to them, if and only if, Stinebaugh was awarded other contracts. In both cases, Defendant had already promised he would purchase the items requested. In both cases, Defendant created the impression that he would purchase items for which he already collected money. In both cases, Defendant failed to purchase the items promised or return the money to its owner.

Defendant's Deposition, at page 19, corroborates his intention to use the money received from Plaintiff for payment of Stinebaugh debts and not for the purchase of furnaces. Relevant portions of his Deposition testimony, found on page 19, read as follows:

"Q. Okay. Now, what happened to the $5,000.00?

A. It went into Stinebaugh Construction's checking account.

Q. And was used for what purpose?

A. To pay bills with.

Q. What did you intend to do with it at the time you received it?

A. Intended to put it into the construction company bank account to pay bills with it.

Q. You didn't intend to use it to purchase these particular furnaces?

A. No. I didn't intend to do that at all."

Defendant's Deposition testimony coupled with his business conduct establishes a course of conduct in which Defendant promised to purchase the furnaces with proceeds from Plaintiff's check. Defendant knew when he made the promise that the proceeds from that check would be used for day-to-day business expenses. Moreover, Defendant knew that he would not honor the promise unless he was successful in obtaining future contracts. Plaintiff relied upon Defendant's representation that the proceeds from his check would be used to purchase the furnaces. His reliance upon Defendant's representation is the proximate cause of the Five Thousand and 00/100 Dollars ($5,000.00) loss. Accordingly, this Court finds that Defendant obtained money from Plaintiff by false pretenses. Pursuant to 11 U.S.C. § 523(a)(2)(A), money so obtained is excepted from discharge.

In reaching the conclusion found herein, the Court has considered the demeanor of the witnesses, all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Defendant's indebtedness to Plaintiff in the amount of Five Thousand and 00/100 Dollars ($5,000.00) be, and is hereby, **NONDISCHARGEABLE.**