# GROGAN ET AL. *v.* GARNER

No. 89–1149.   Argued October 29, 1990—Decided January 15, 1991

STEVENS, J., delivered the opinion for a unanimous Court.

*Michael J. Gallagher* argued the cause for petitioners. With him on the briefs was *J. Michael Dryton.*

*Deputy Solicitor General Roberts* argued the cause for the United States et al. as *amici curiae* urging reversal. With him on the brief were *Solicitor General Starr, James R. Doty, Paul Gonson, Jacob H. Stillman, Richard A. Kirby,* and *Alfred J. T. Byrne.*

*Timothy K. McNamara* argued the cause for respondent. With him on the brief were *Jonathan R. Haden* and *Larry E. Sells.*

JUSTICE STEVENS delivered the opinion of the Court.

Section 523(a) of the Bankruptcy Code provides that a discharge in bankruptcy shall not discharge an individual debtor from certain kinds of obligations, including those for money

obtained by "actual fraud."[1]  The question in this case is whether the statute requires a defrauded creditor to prove his claim by clear and convincing evidence in order to preserve it from discharge.

Petitioners brought an action against respondent alleging that he had defrauded them in connection with the sale of certain corporate securities. App. 16–25.  Following the trial court's instructions that authorized a recovery based on the preponderance of the evidence, a jury returned a verdict in favor of petitioners and awarded them actual and punitive damages. *Id.*, at 28–29.  Respondent appealed from the judgment on the verdict, and, while his appeal was pending, he filed a petition for relief under Chapter 11 of the Bankruptcy Code, listing the fraud judgment as a dischargeable debt.

The Court of Appeals for the Eighth Circuit reduced the damages award but affirmed the fraud judgment as modified. *Grogan* v. *Garner*, 806 F. 2d 829 (1986).  Petitioners then filed a complaint in the bankruptcy proceeding requesting a determination that their claim based on the fraud judgment should be exempted from discharge pursuant to § 523. App. 3–4.  In support of their complaint, they introduced portions of the record in the fraud case.  The Bankruptcy Court found that all of the elements required to establish actual fraud under § 523 had been proved and that the doctrine of collateral estoppel required a holding that the debt was therefore not dischargeable. *In re Garner*, 73 B. R. 26 (WD Mo. 1987).

---

[1] Title 11 U. S. C. § 523(a) provides, in pertinent part:

"Exceptions to discharge.

"(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt —

. . . . .

"(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —

"(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ."

Respondent does not challenge the conclusion that the elements of the fraud claim proved in the first trial are sufficient to establish "fraud" within the meaning of § 523.[2]   Instead, he has consistently argued that collateral estoppel does not apply because the jury instructions in the first trial merely required that fraud be proved by a preponderance of the evidence, whereas § 523 requires proof by clear and convincing evidence.   Both the Bankruptcy Court[3] and the District Court[4] rejected this argument.

The Court of Appeals, however, reversed.   *In re Garner*, 881 F. 2d 579 (1989).   It recognized that the "Bankruptcy Code is silent as to the burden of proof necessary to establish an exception to discharge under section 523(a), including the exception for fraud," *id.*, at 581, but concluded that two factors supported the imposition of a "clear and convincing" standard, at least in fraud cases.   First, the court stated that the higher standard had generally been applied in both common-law fraud litigation and in resolving dischargeability

---

[2] We therefore do not consider the question whether § 523(a)(2)(A) excepts from discharge that part of a judgment in excess of the actual value of money or property received by a debtor by virtue of fraud.   See *In re Rubin*, 875 F. 2d 755, 758, n. 1 (CA9 1989).   Arguably, fraud judgments in cases in which the defendant did not obtain money, property, or services from the plaintiffs and those judgments that include punitive damages awards are more appropriately governed by § 523(a)(6).   See 11 U. S. C. § 523(a)(6) (excepting from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity"); *In re Rubin*, 875 F. 2d, at 758, n. 1.

[3] The Bankruptcy Court concluded that "there is no real distinction between 'preponderance of the evidence' and 'clear and convincing' as regards Section 523 litigation."   *In re Garner*, 73 B. R. 26, 29 (WD Mo. 1987).

[4] The District Court explained: .

"A re-litigation of this case in Bankruptcy Court on the identical fact issues would be to permit the party who loses at a jury trial to have a second day in court on the same issue he and his opponent were fully heard previously. If permitted, all like cases would result in duplicitous litigation resulting in an unreasonable burden on the bankruptcy court."   App. to Pet. for Cert. 28a.

issues before § 523(a) was enacted, and reasoned that it was unlikely that Congress had intended silently to change settled law.[5] Second, the court opined that the general "fresh start" policy that undergirds the Bankruptcy Code militated in favor of a broad construction favorable to the debtor.[6]

The Eighth Circuit holding is consistent with rulings in most other Circuits,[7] but conflicts with recent decisions by the Third and Fourth Circuits.[8] The conflict, together with the importance of the issue, prompted us to grant certiorari, 495 U. S. 918 (1990). We now reverse.

## I

At the outset, we distinguish between the standard of proof that a creditor must satisfy in order to establish a valid claim against a bankrupt estate and the standard that a creditor who has established a valid claim must still satisfy in order to avoid dischargeability. The validity of a creditor's claim is determined by rules of state law. See *Vanston Bondholders Protective Comm.* v. *Green,* 329 U. S. 156, 161

---

[5] "While the legislative history is scant on this issue, we feel that it is fair to presume that Congress was aware that the prevailing view at the time of adoption was that fraud, for both section 523 and state common law purposes, had to be proved by clear and convincing evidence." *In re Garner,* 881 F. 2d, at 582.

[6] "This Circuit concluded that the stricter standard was appropriate since the general policy of bankruptcy is to provide the debtor with the opportunity for a fresh start and the courts should, thereby, construe provisions of the Bankruptcy Code favoring the debtor broadly. *Matter of Van Horne,* 823 F. 2d [1285, 1287 (CA8 1987)]." *Ibid.*

[7] See *In re Phillips,* 804 F. 2d 930, 932 (CA6 1986); *In re Kimzey,* 761 F. 2d 421, 423–424 (CA7 1985); *In re Black,* 787 F. 2d 503, 505 (CA10 1986); *Chrysler Credit Corp.* v. *Rebhan,* 842 F. 2d 1257, 1262 (CA11 1988); *In re Hunter,* 780 F. 2d 1577, 1579 (CA11 1986); *In re Dougherty,* 84 B. R. 653 (CA9 BAP 1988).

[8] *In re Braen,* 900 F. 2d 621 (CA3 1990); *Combs* v. *Richardson,* 838 F. 2d 112 (CA4 1988).

(1946).[9]  Since 1970, however, the issue of nondischarge-
ability has been a matter of federal law governed by the
terms of the Bankruptcy Code.   See *Brown* v. *Felsen*, 442
U. S. 127, 129–130, 136 (1979).[10]

   This distinction is the wellspring from which cases of this
kind flow.   In this case, a creditor who reduced his fraud
claim to a valid and final judgment in a jurisdiction that
requires proof of fraud by a preponderance of the evidence
seeks to minimize additional litigation by invoking collateral
estoppel.   If the preponderance standard also governs the
question of nondischargeability, a bankruptcy court could
properly give collateral estoppel effect to those elements of
the claim that are identical to the elements required for dis-
charge and that were actually litigated and determined in the
prior action.   See Restatement (Second) of Judgments § 27
(1982).[11]   If, however, the clear-and-convincing standard ap-

---

[9] We use the term "state law" expansively herein to refer to all non-
bankruptcy law that creates substantive claims.   We thus mean to include
in this term claims that have their source in substantive federal law, such
as federal securities law or other federal antifraud laws.   As the *amici*
point out, many federal antifraud laws that may give rise to nondischarge-
able claims require plaintiffs to prove their right to recover only by a pre-
ponderance of the evidence.   See Brief for United States et al. as *Amici
Curiae* 1–3, and n. 2.

[10] Before 1970, the bankruptcy courts had concurrent jurisdiction with
the state courts to decide whether debts were excepted from discharge.
In practice, however, bankruptcy courts generally refrained from deciding
whether particular debts were excepted and instead allowed those ques-
tions to be litigated in the state courts.   See *Brown* v. *Felsen*, 442 U. S.,
at 129; 1A Collier on Bankruptcy ¶ 17.28, pp. 1726–1727 (14th ed. 1978).
The state courts therefore determined the applicable burden of proof, often
applying the same standard of proof that governed the underlying claim.
The 1970 amendments took jurisdiction over certain dischargeability ex-
ceptions, including the exceptions for fraud, away from the state courts
and vested jurisdiction exclusively in the bankruptcy courts.   See *Brown*
v. *Felsen*, 442 U. S., at 135–136; S. Rep. No. 91–1173, pp. 2–3 (1970);
H. R. Rep. No. 91–1502, p. 1 (1970).

[11] Our prior cases have suggested, but have not formally held, that the
principles of collateral estoppel apply in bankruptcy proceedings under the

plies to nondischargeability, the prior judgment could not be given collateral estoppel effect. § 28(4). A creditor who successfully obtained a fraud judgment in a jurisdiction that requires proof of fraud by clear and convincing evidence would, however, be indifferent to the burden of proof regarding nondischargeability, because he could invoke collateral estoppel in any event.[12]

In sum, if nondischargeability must be proved only by a preponderance of the evidence, all creditors who have secured fraud judgments, the elements of which are the same as those of the fraud discharge exception, will be exempt from discharge under collateral estoppel principles. If, however, nondischargeability must be proved by clear and convincing evidence, creditors who secured fraud judgments based only on the preponderance standard would not be assured of qualifying for the fraud discharge exception.

---

current Bankruptcy Act. See, e. g., *Kelly* v. *Robinson*, 479 U. S. 36, 48, n. 8 (1986); *Brown* v. *Felsen*, 442 U. S., at 139, n. 10. Cf. *Heiser* v. *Woodruff*, 327 U. S. 726, 736 (1946) (applying collateral estoppel under an earlier version of the bankruptcy laws). Virtually every Court of Appeals has concluded that collateral estoppel is applicable in discharge exception proceedings. See *In re Braen*, 900 F. 2d, at 630; *Combs* v. *Richardson*, 838 F. 2d, at 115; *Klingman* v. *Levinson*, 831 F. 2d 1292, 1295 (CA7 1987); *In re Shuler*, 722 F. 2d 1253, 1256 (CA5), cert. denied *sub nom. Harold V. Simpson & Co.* v. *Shuler*, 469 U. S. 817 (1984); *Goss* v. *Goss*, 722 F. 2d 599, 604 (CA10 1983); *Lovell* v. *Mixon*, 719 F. 2d 1373, 1376 (CA8 1983); *Spilman* v. *Harley*, 656 F. 2d 224, 228 (CA6 1981). Cf. *In re Rahm*, 641 F. 2d 755, 757 (CA9) (prior judgment establishes only a prima facie case of nondischargeability), cert. denied *sub nom. Gregg* v. *Rahm*, 454 U. S. 860 (1981). We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a).

[12] This indifference would not be shared, however, by a creditor who either did not try, or tried *unsuccessfully*, to prove fraud in a jurisdiction requiring clear and convincing evidence but who nonetheless established a valid claim by proving, for example, a breach of contract involving the same transaction. See, e. g., *In re Black*, 787 F. 2d 503 (CA10 1986); *In re Rubin*, 875 F. 2d, at 758, n. 1.

## II

With these considerations in mind, we begin our inquiry into the appropriate burden of proof under § 523 by examining the language of the statute and its legislative history. The language of § 523 does not prescribe the standard of proof for the discharge exceptions. The legislative history of § 523 and its predecessor, 11 U. S. C. § 35 (1976 ed.), is also silent. This silence is inconsistent with the view that Congress intended to require a special, heightened standard of proof.

Because the preponderance-of-the-evidence standard results in a roughly equal allocation of the risk of error between litigants, we presume that this standard is applicable in civil actions between private litigants unless "particularly important individual interests or rights are at stake." *Herman & MacLean* v. *Huddleston*, 459 U. S. 375, 389–390 (1983); see also *Addington* v. *Texas*, 441 U. S. 418, 423 (1979). We have previously held that a debtor has no constitutional or "fundamental" right to a discharge in bankruptcy. See *United States* v. *Kras*, 409 U. S. 434, 445–446 (1973). We also do not believe that, in the context of provisions designed to exempt certain claims from discharge, a debtor has an interest in discharge sufficient to require a heightened standard of proof.

We are unpersuaded by the argument that the clear-and-convincing standard is required to effectuate the "fresh start" policy of the Bankruptcy Code. This Court has certainly acknowledged that a central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preëxisting debt." *Local Loan Co.* v. *Hunt*, 292 U. S. 234, 244 (1934). But in the same breath that we have invoked this "fresh start" policy, we have been careful to explain that the Act

limits the opportunity for a completely unencumbered new beginning to the "honest but unfortunate debtor." *Ibid.*

The statutory provisions governing nondischargeability reflect a congressional decision to exclude from the general policy of discharge certain categories of debts—such as child support, alimony, and certain unpaid educational loans and taxes, as well as liabilities for fraud. Congress evidently concluded that the creditors' interest in recovering full payment of debts in these categories outweighed the debtors' interest in a complete fresh start. We think it unlikely that Congress, in fashioning the standard of proof that governs the applicability of these provisions, would have favored the interest in giving perpetrators of fraud a fresh start over the interest in protecting victims of fraud. Requiring the creditor to establish by a preponderance of the evidence that his claim is not dischargeable reflects a fair balance between these conflicting interests.

## III

Our conviction that Congress intended the preponderance standard to apply to the discharge exceptions is reinforced by the structure of § 523(a),[13] which groups together in the same subsection a variety of exceptions without any indication that any particular exception is subject to a special standard of proof. The omission of any suggestion that different exemptions have different burdens of proof implies that the legislators intended the same standard to govern the nondischargeability under § 523(a)(2) of fraud claims and, for example, the nondischargeability under § 523(a)(5) of claims for child support and alimony. Because it seems clear that a preponder-

---

[13] See *Crandon* v. *United States*, 494 U. S. 152, 158 (1990) ("In determining the meaning of the statute, we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy"); *K mart Corp.* v. *Cartier, Inc.*, 486 U. S. 281, 291 (1988) ("In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole").

ance of the evidence is sufficient to establish the nondischargeability of some of the types of claims covered by § 523(a),[14] it is fair to infer that Congress intended the ordinary preponderance standard to govern the applicability of all the discharge exceptions.

We are therefore not inclined to accept respondent's contention that application of the ordinary preponderance standard to the fraud exception is inappropriate because, at the time Congress enacted the current Bankruptcy Code, the majority of States required proof of fraud by clear and convincing evidence.[15] Even if we believed that Congress had contemplated the application of different burdens of proof for different exceptions, the fact that most States required fraud claims to be proved by clear and convincing evidence would not support the conclusion that *Congress* intended to adopt the clear-and-convincing standard for the fraud *discharge* exception.

Unlike a large number, and perhaps the majority, of the States, Congress has chosen the preponderance standard when it has created substantive causes of action for fraud. See, *e. g.*, 31 U. S. C. § 3731(c) (False Claims Act); 12 U. S. C. § 1833a(e) (1988 ed., Supp. I) (civil penalties for fraud involving financial institutions); 42 CFR § 1003.114(a) (1989) (Medicare and Medicaid fraud under 42 U. S. C. § 1320a–7a); *Herman & MacLean* v. *Huddleston*, 459 U. S., at 388–390 (civil enforcement of the antifraud provisions of

---

[14] For example, § 523(a) provides for the nondischargeability of debts not only for child support and alimony, but also for certain fines and penalties, educational loans, and tax obligations. See 11 U. S. C. §§ 523(a)(1), (5), (7), (8).

[15] Respondent claims that the vast majority of States applied the heightened standard. See Brief for Respondent 8–14. Petitioners and the *amici* acknowledge that the clear-and-convincing standard applied in many jurisdictions but contend that respondent overstates the number of States that required the heightened standard. See Brief for Petitioners 17–20, and n. 1; Brief for United States et al. as *Amici Curiae* 21–25. Resolution of this dispute is not necessary for our decision.

the securities laws); *Steadman* v. *SEC*, 450 U. S. 91, 96 (1981) (administrative proceedings concerning violation of antifraud provisions of the securities laws); *SEC* v. *C. M. Joiner Leasing Corp.*, 320 U. S. 344, 355 (1943) (§ 17(a) of the Securities Act of 1933); *First National Monetary Corp.* v. *Weinberger*, 819 F. 2d 1334, 1341–1342 (CA6 1987) (civil fraud provisions of the Commodity Exchange Act). Cf. *Sedima, S. P. R. L.* v. *Imrex Co.*, 473 U. S. 479, 491 (1985) (suggesting that the preponderance standard applies to civil actions under the Racketeer Influenced and Corrupt Organizations Act). Most notably, Congress chose the preponderance standard to govern determinations under 11 U. S. C. § 727(a) (4), which denies a debtor the right to discharge altogether if the debtor has committed a fraud on the bankruptcy court. See H. R. Rep. No. 95–595, p. 384 (1977) ("The fourth ground for denial of discharge is the commission of a bankruptcy crime, though the standard of proof is preponderance of the evidence"); S. Rep. No. 95–989, p. 98 (1978) (same).[16]

Moreover, as we explained in Part I, *supra*, Congress amended the Bankruptcy Act in 1970 to make nondischargeability a question of federal law independent of the issue of the validity of the underlying claim. Even before 1970, many courts imposed the preponderance burden on creditors invoking the fraud discharge exception. See, *e. g.*, *Sweet* v. *Ritter Finance Co.*, 263 F. Supp. 540, 543 (WD Va. 1967); *Nickel Plate Cloverleaf Federal Credit Union* v. *White*, 120 Ill. App. 2d 91, 93–94, 256 N. E. 2d 119, 120–121 (1970); *Gonzales* v. *Aetna Finance Co.*, 86 Nev. 271, 275, 468 P. 2d 15, 18 (1970); *Beneficial Finance Co. of Manchester* v. *Machie*, 6 Conn. Cir. 37, 41, 263 A. 2d 707, 710 (1969); *Budget Finance Plan* v. *Haner*, 92 Idaho 56, 59, 436 P. 2d 722, 725

---

[16] Prior to the enactment of the 1978 Bankruptcy Code, the Courts of Appeals had held that the preponderance standard applied in this situation. See, *e. g.*, *In re Robinson*, 506 F. 2d 1184, 1187 (CA2 1974); *Union Bank* v. *Blum*, 460 F. 2d 197, 200–201 (CA9 1972).

(1968); *Atlas Credit Corp.* v. *Miller*, 216 So. 2d 100, 101 (La. Ct. App. 1968); *Household Finance Corp.* v. *Altenberg*, 5 Ohio St. 2d 190, 193, 214 N. E. 2d 667, 669 (1966); *MAC Finance Plan of Nashua, Inc.* v. *Stone*, 106 N. H. 517, 521–522, 214 A. 2d 878, 882 (1965). And, following the 1970 amendments, but prior to the enactment of § 523 in 1978, the courts continued to be nearly evenly split over the the appropriate standard of proof. Compare, *e. g.*, *Fierman* v. *Lazarus*, 361 F. Supp. 477, 480 (ED Pa. 1973); *In re Scott*, 1 BCD 581, 583 (Bkrtcy. Ct. WD Mich. 1975), with *Brown* v. *Buchanan*, 419 F. Supp. 199, 203 (ED Va. 1975); *In re Arden*, 75 B. R. 707, 710 (Bkrtcy. Ct. R. I. 1975). Thus, it would not be reasonable to conclude that in enacting § 523 Congress silently endorsed a background rule that clear and convincing evidence is required to establish exemption from discharge.

## IV

A final consideration supporting our conclusion that the preponderance standard is the proper one is that, as we explained in Part I, *supra*, application of that standard will permit exception from discharge of all fraud claims creditors have successfully reduced to judgment. This result accords with the historical development of the discharge exceptions. As we explained in *Brown* v. *Felsen*, the 1898 Bankruptcy Act provided that "judgments" sounding in fraud were exempt from discharge. 30 Stat. 550. In the 1903 revisions, Congress substituted the term "liabilities" for "judgments." 32 Stat. 798. This alteration was intended to broaden the coverage of the fraud exceptions. See *Brown* v. *Felsen*, 442 U. S., at 138. Absent a clear indication from Congress of a change in policy, it would be inconsistent with this earlier expression of congressional intent to construe the exceptions to allow some debtors facing fraud judgments to have those judgments discharged.

For these reasons, we hold that the standard of proof for the dischargeability exceptions in 11 U. S. C. § 523(a) is the ordinary preponderance-of-the-evidence standard.

The judgment of the Court of Appeals is reversed.

*It is so ordered.*