**In re Thomas GRAUL, Debtor.**

**BAY LOAN & INVESTMENT BANK, Plaintiff,**

v.

**Thomas GRAUL, Defendant.**

**Bankruptcy No. 91–12328.**

**Adv. Proc. No. 91–1194.**

United States Bankruptcy Court, D. Rhode Island.

March 30, 1993.

---

Alden C. Harrington, Boyajian, Harrington & Richardson, Providence, RI, for debtor/defendant.

Howard E. Walker, Sheryl Serreze, Hinckley, Allen & Snyder, Providence, RI, for plaintiff.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Motion of Plaintiff Bay Loan and Investment Bank ("Bay Loan") for Summary Judgment in the within adversary proceeding. The Debtor/Defendant, Thomas Graul, objects.

### I. BACKGROUND

Plaintiff's complaint, brought pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (B) seeks to have declared nondischargeable, three loans made by it to Graul for the purchase of condominium Units 7, 25 and 27 at the Charlestown Inn, Charlestown, Rhode Island. The complaint alleges that Graul and his partner, Peter Brandon ("Brandon") and others, through their partnership Dean Street Development Corp. ("Dean Street"), conspired to and did defraud various lending institutions, including Plaintiff Bay Loan, by improperly obtaining 100 percent financing through the false representation that 20 percent down payments were being paid by the prospective purchasers, when in fact no deposits were being collected.

Bay Loan requests summary judgment on its § 523(a)(2)(A) claim, based upon the 1992 criminal indictment, trial and conviction of Peter Brandon on the above described fraud and conspiracy charges. Specifically, Bay Loan asserts that the fraud of a business partner may be imputed to even an "innocent" partner, where the fraud occurred in connection with the partnership business and where the partnership benefitted therefrom. *In re Ledford*, 970 F.2d 1556 (6th Cir.1992); *In re Luce*, 960 F.2d 1277 (5th Cir.1992). Thus, Bay Loan asserts that Brandon's fraud conviction should be imputed to Graul, and

that Graul's debt to Bay Loan, in the amount of $234,000, be declared nondischargeable. While we agree with the basic legal principle stated in *In re Ledford* and *In re Luce*, the facts as presented here are so dissimilar that it would be inappropriate for us to impute Brandon's fraud to the Debtor, by a dispositive motion, at least. Our reasons are as follows:

### II. DISCUSSION

#### A. Imputation of Fraud To a Business Partner

As noted, Bay Loan relies upon *In re Ledford*, 970 F.2d 1556, and *In re Luce*, 960 F.2d 1277, in support of its request that we impute Brandon's fraud conviction to the Debtor in this proceeding, so as to render his debt to Bay Loan nondischargeable in this bankruptcy.

Unlike *In re Ledford* and *In re Luce* however, Brandon's fraud was not adjudicated in the context of a § 523(a)(2)(A) action, but arose out of a criminal indictment substantially more complex and different than the bankruptcy claims asserted by Bay Loan against Graul in this proceeding, i.e. not all of the elements necessary to establish a § 523(a)(2)(A) dischargeability claim were at issue in Brandon's criminal case, as they were in both *In re Ledford* and *In re Luce*. In those cases the partner found guilty of fraud, as well as the allegedly innocent partner, were both debtors before the bankruptcy court and both were defendants in § 523(a)(2)(A) actions. Here, Bay Loan seeks to use the criminal fraud conviction of one partner, based upon facts not before us, to impute § 523 misconduct to a partner who was not a defendant in the criminal case, and for these reasons, *In re Ledford* and *In re Luce* are neither helpful nor controlling.

We do not rule that *under no circumstances* would another court's finding of fraud against one partner be imputed to a co-partner for § 523(a)(2)(A) purposes, but the facts alleged in the instant motion do not present such special circumstances, and therefore Brandon's fraud may not be imputed to Graul. This ruling is based

upon our agreement with the Debtor that the allegations in Brandon's Indictment do not sufficiently identify or include the three mortgage loans obtained by Graul to impute Brandon's fraud to him.[1] Nowhere in the Indictment are any of the units purchased by Graul referenced, nor do the allegations comprising the conspiracy include Graul's purchase of those units.[2] Additionally, the Indictment fails to describe the method by which the phony "deposits" on *these* three particular units were fabricated, nor does it allege that Brandon misrepresented to Bay Loan the nature of the deposits supposedly given *on these units*. In the absence of specific allegations covering the loans made by Bay Loan to Graul in either the conspiracy or the fraud counts of the Indictment, we must conclude as a matter of law that Brandon's fraud conviction may not be imputed to Graul herein, for § 523(a)(2)(A) purposes.

**B. Requisite Elements of 11 U.S.C. § 523(a)(2)(A)**

■ In two recent decisions, we discussed the elements necessary to establish a § 523(a)(2)(A) claim, *In re McDermott*, 139 B.R. 50 (Bankr.D.R.I.1992); *In re Monahan*, 125 B.R. 697 (Bankr.D.R.I.1991), i.e. that:

(1) the debtors made representations;

(2) which at the time they knew were false;

(3) that such representations were made with the intent and purpose of deceiving the creditor; and

(4) that the creditor relied on said representations, to his/her detriment.

*In re Monahan*, 125 B.R. 697, 699.

In *Monahan*, we ruled that under § 523(a)(2)(A) (as opposed to § 523(a)(2)(B)),

the creditor is *not* required to prove that its reliance was reasonable, *id.*, although the creditor must still establish that it relied upon the (mis)representation, to its detriment. In *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991), the Supreme Court, in discussing collateral estoppel in dischargeability proceedings, stated that "a bankruptcy court could properly give collateral estoppel effect to *those elements of the claims* that are *identical* to the elements required for discharge and which were actually litigated and determined in the prior action." (citation omitted) (emphasis added). Our examination of the record in Brandon's criminal case fails to establish that Brandon's conviction included, even obliquely, a finding that Bay Loan relied upon a representation by Brandon that deposits were made in connection with Graul's purchase of any of the subject condominium units. Accordingly, even if these units were referenced in the indictment, Brandon's fraud may not be imputed to Graul since the requisite elements of § 523 were not adjudicated.

■ Bay Loan also argues that the "totality of the circumstances" analysis discussed by this Court in *In re Whitford*, 95 B.R. 5, 8 (Bankr.D.R.I.1989), supports its request that Graul is bound by Brandon's fraud. This standard, however, is applicable to an examination of facts presented within a § 523(a)(2)(A) action to determine whether the "intent to defraud" element is established. We do not think it appropriate to rely upon another court's record, concerning another person's conduct, as the basis for a "totality of the circumstances" finding here, and we do not believe its application would be consistent with the

---

**1.** Although Bay Loan asserts that "[t]he indictment contained six counts specifically identified with the sale of units at the Charlestown Motel and Brandon was convicted on all six of those counts," (Reply Mem. at 2, n. 1) none of the six counts covered the units purchased by Graul.

**2.** We would have less difficulty assigning Brandon's culpability to Graul *if* the alleged conspiracy encompassed the sale of all of the condominium units, and not just those specifically identified in the Indictment. However, that

document provides no basis to conclude that other units, not identified, were also purchased pursuant to the bank fraud scheme. We simply find no language in the Indictment or Judgment upon which to base such a conclusion, and to do so based on the alleged "big picture," i.e. *everybody knew what these rascals were up to*, would amount to determining guilt by association, speculation and newspaper coverage of the Dean Street Enterprise.

**416**

view of the Supreme Court espoused in *Grogan*, 498 U.S. 279, 111 S.Ct. 654.

Accordingly, we conclude that all of the elements necessary to support a claim under § 523(a)(2)(A) against Graul were not decided in the criminal case, and *a fortiori,* they are not established in this adversary proceeding.[3]

## III. CONCLUSION

Upon consideration of the full record before us, including the deposition transcripts, admissions, and documents filed in the criminal case, and for all of the reasons given above, Bay Loan's Motion for Summary Judgment is DENIED, and the matter shall be placed on the Court's May 1993 trailing calendar for a trial on the merits.

Enter Judgment consistent with this opinion.

---

3. There are other material facts which we also deem not sufficiently established by the record to permit imputing Brandon's fraud to Graul, i.e. (1) whether the partnership actually benefitted monetarily from Graul's purchase of the three condominium units; and (2) whether

*Graul's* purchase of the units was an act done by *the partnership* in the normal course of its business. These deficiencies support our conclusion that *In re Ledford* and *In re Luce* are distinguishable from and not useful as guidance in the present controversy.