5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re John R. LOBHERR, Debtor.
John R. LOBHERR, Plaintiff-Appellant,
v.
Robert W. MOBARRY, Elaine L. Mobarry, Robert G. Mobarry and
Mary D. Mobarry, Defendants-Appellees.
 No. 91-56467.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1993.
Decided Sept. 22, 1993.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV 91-2802 RG; Richard A. Gadbois, Jr., District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: KOZINSKI, SILER* and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court correctly affirmed the bankruptcy court's grant of summary judgment in favor of creditors-appellees, the Mobarrys. The bankruptcy court determined that the debt arising from Mobarry's successful state court malicious prosecution action against debtor-appellant, John Lobherr, was nondischargeable pursuant to 11 U.S.C. Sec. 523(a)(6), which precludes the discharge of debts arising from willful and malicious misconduct.
 
 
 3
 In Grogan v. Garner, 498 U.S. 279, 284 (1991), the Supreme Court held that a preponderance of the evidence is the standard of proof for Sec. 523(a) dischargeability actions. The Court further indicated that if the preponderance standard governs the question of nondischargeability, a bankruptcy court could properly give collateral effect to the elements of a claim that are identical to the elements required for discharge. Id.
 
 
 4
 In the state court action, the creditors alleged that the debtor acted in a "willful and malicious" manner by filing the breach of contract action. Likewise, in its adversary bankruptcy proceeding, the creditors alleged that the debt incurred by the debtor as a result of the state action damage award was nondischargeable because it was a debt for "willful and malicious injury." When a wrongful act is done intentionally and produces harm without just cause or excuse, it is "willful and malicious." In re Cecchini, 780 F.2d 1440, 1443 (9th Cir.1986). In order to find against the debtor in the state court, the jury had to find the debtor acted maliciously and without probable cause, pursuant to the trial court's instructions. Moreover, as the jury granted punitive damages to the creditors, it had to base such an award upon a finding of intentional conduct. Huber v. Standard Ins. Co., 841 F.2d 980, 987 (9th Cir.1988). Thus, as the debtor's "willful and malicious" conduct was proven by a preponderance of the evidence in state court, the bankruptcy court properly gave "collateral estoppel effect" to those elements relevant to the determination of dischargeability. As a result, the compensatory damage award was not a dischargeable debt pursuant to Sec. 523(a)(6).
 
 
 5
 Finally, the punitive damages were also nondischargeable under Sec. 523(a)(6), as they were awarded for willful and malicious acts. See In re Adams, 761 F.2d 1422, 1427 (9th Cir.1985). Accordingly, the district court properly upheld the decision of the bankruptcy court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3