**In re: Frederick Clark CREASY, Jr., Debtor.**

**Fiduciary Services, Inc., as Conservator for the Estate of Raymond C. Brown, a protected adult, Plaintiff–Appellee,**

v.

**Frederick Clark Creasy, Esq., Debtor, Defendant–Appellant.**

**No. 00–16847.**

**D.C. No. CV–99–02039–ROS.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Chapter 7 debtor Frederick Clark Creasy appeals pro se the district court's partial affirmance of the bankruptcy court's order, holding that two out of three judgment debts, established by a state court judgment, owed by Creasy to appellee were not dischargeable in bankruptcy under 11 U.S.C. § 523. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the district court's decision on an appeal from a bankruptcy court. *Worthington v. General Motors Corp. (In re Claremont Acquisition Corp., Inc.),* 113 F.3d 1029, 1031 (9th Cir.1997). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Id.* We affirm.

Contrary to Creasy's contention, the principles of collateral estoppel apply to discharge exception proceedings pursu-

---

\* The panel unanimously finds this case suitable for decision without oral argument, and denies Creasy's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ant to section 523(a), *see Grogan v. Garner,* 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), and a federal court must give a state court judgment the same preclusive effect it would receive in that state, *see O'Malley Lumber Co. v. Lockard (In re Lockard),* 884 F.2d 1171, 1174–75 (9th Cir.1989).

■ Accordingly, both the district court and bankruptcy court correctly concluded that, pursuant to collateral estoppel, the debt Creasy owed appellee was a debt for money obtained by fraud under 11 U.S.C. § 523(a)(2)(A) and for money obtained by willful and malicious injury under 11 U.S.C. § 523(a)(6), and consequently nondischargeable. *See Grogan,* 498 U.S. at 285 n. 11, 111 S.Ct. 654.

AFFIRMED.