In re Shirley A. DAVIS, Debtor.

Earl L. Vuagniaux, A Professional
Corporation, Plaintiff,

v.

Shirley A. Davis, Defendant.

Bankruptcy No. 02–33410.
Adversary No. 02–3302.

United States Bankruptcy Court,
S.D. Illinois.

Aug. 5, 2003.

Randall P. Steele, Glen Carbon, IL, for Debtor.

Donald M. Samson, Belleville, IL, trustee.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court for trial on the Third Amended Complaint; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Complaint in this matter seeks to have the Debtor's discharge denied pursuant to two sections of 11 U.S.C. § 727. Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor must be denied a discharge where it is found that:

>  (2) the debtor, with intent to hinder, delay, or defraud a creditor or an office of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated,

or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition . . .

Under 11 U.S.C. § 727(a)(4)(A), debtor must be denied a discharge where it is found:

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

 The burden of proof is upon the Plaintiff to establish the elements of both 11 U.S.C. § 727(a)(2)(A) and § 727(a)(4)(A) by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The Court must find that the Defendant acted with actual intent, requiring a showing of extrinsic evidence suggesting that fraud exists. *In re Smiley*, 864 F.2d 562 (7th Cir.1989); *In re Adlman*, 541 F.2d 999 (2nd Cir.1976).

In considering the testimony of the parties in this case, the Court finds that both the Plaintiff and the Defendant were credible witnesses. The facts as revealed at trial were not in substantial dispute, and, based upon those facts, the Court must conclude that the Plaintiff has failed to meet his burden of proof under both § 727(a)(2)(A) and § 727(a)(4)(A). The evidence before the Court does not establish that the Debtor had the requisite intent to defraud creditors. The Court found Debtor's explanations of her actions in connection with her filing of the Chapter 7 bankruptcy to be plausible and compelling. As such, the Court must deny the Third Amended Complaint as to Count I. Having denied Count I of the Third Amended Complaint, the Court finds that Count II, requesting that the Court determine and declare a constructive trust, is moot.

*ORDER*

For the reasons set forth in an Opinion entered on the 5th day of August 2003;

IT IS HEREBY ORDERED that:

A. The Third Amended Complaint Objecting to Discharge filed by Plaintiff on May 22, 2003, is *DENIED;* and,

B. The Debtor's discharge under 11 U.S.C. § 524 shall be granted.