United States Court of Appeals
Fifth Circuit

**F I L E D**

September 14, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20180
Summary Calendar

_____

In the Matter of:  DAVID LEE MONTGOMERY,

                                        Debtor,

DAVID LEE MONTGOMERY,

                                        Appellant,

versus

POPE MONTGOMERY ARCHITECTS & BUILDERS LLC; TOM POPE,

                                        Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(05-CV-1656)

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    In this bankruptcy proceeding, Defendant-Appellant David Lee Montgomery appeals from a grant of summary judgment to Plaintiffs-Appellees Pope Montgomery Architects & Builders LLC (PMAB) and Tom Pope based on a bankruptcy court default judgment, which declared the debts to be non-dischargeable.  For the reasons thoroughly outlined by the bankruptcy court and district court, we affirm.

_____

    [*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

## I.   BACKGROUND

In 2002, Montgomery sued PMAB and Pope in state court. Pope filed a counterclaim in both his individual capacity and derivative capacity on behalf of PMAB. A jury found for PMAB on all of its claims and for Pope on all but one of his claims. The verdict awarded PMAB over one million dollars and Pope approximately $87,500.00. Following entry of the state court judgment, Montgomery filed for Chapter 7 bankruptcy court protection. PMAB and Pope filed a complaint, objecting to the dischargeability of debts stemming from the state court proceeding. Montgomery then converted his Chapter 7 proceeding to a Chapter 13 proceeding. Montgomery did not file an answer to the complaint. PMAB subsequently filed for a default judgment, which was granted. The default judgment stated that Montgomery's debts to PMAB and Pope were not entitled to discharge. Following the default judgment, Montgomery moved to dismiss his Chapter 13 proceeding. His motion was granted.

In September 2004, Montgomery filed for bankruptcy court protection under Chapter 11. PMAB and Pope filed a complaint, seeking a determination that their claims were non-dischargeable and claiming that—because of the default judgment—*res judicata* precluded Montgomery from arguing that the state court judgment was dischargeable. Montgomery answered the complaint. PMAB and Pope moved for summary judgment. The bankruptcy court granted the

2

motion. It upheld the default judgment, determined that *res judicata* applies to default judgments, and concluded that Montgomery may not pursue a discharge for debts owed to PMAB or Pope. The district court affirmed.

## II. STANDARD OF REVIEW

We review the district court's decision under the same standard of review that the district court applied to the bankruptcy court's decisions. *See Wells Fargo Bank of Texas N.A. v. Sommers (In re Amco Ins.)*, 444 F.3d 690, 694 (5th Cir. 2006). Findings of fact are reviewed for clear error; conclusions of law are reviewed *de novo*. *Id*. A bankruptcy court's grant of summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *First Am. Title Ins. Co. v. First Trust Nat'l Ass'n (In re Biloxi Casino Belle Inc.)*, 368 F.3d 491, 496 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); BANKR. R. 7056).

## III. DISCUSSION

Montgomery makes three arguments on appeal: (1) the district court erred in failing to recognize that it held the authority to vacate the default judgment; (2) the district court erred in holding that 11 U.S.C. § 349 will not serve to vacate a judgment entered pursuant to a bankruptcy which was subsequently dismissed; and (3) justice requires reversal because the underlying judgment does not support a finding of non-dischargeability.

3

## A. *Res Judicata* Barred Vacatur of the Default Judgment

Montgomery claims he is entitled to relief through Rule 60(b). *See* FED. R. CIV. P. 60(b) (hereinafter "Rule 60(b)"). Under Rule 60(b), a party may be relieved of a final judgment by making a motion to the court or filing an independent action. *Id*. Montgomery claims he made a Rule 60(b) motion to the district court in his brief. In that brief, Montgomery, in arguing that the district court should set aside the default judgment, quotes and describes Rule 60(b) and then urges the court to apply it to the case. Montgomery does not move for vacatur under Rule 60(b) but merely used it as an argument in support of vacatur. Montgomery does the same here. Therefore, we proceed to whether the district court failed to recognize its authority to vacate the default judgment, despite the fact that Montgomery failed to contest the judgment.

The district court did not have the authority to set aside the final default judgment of the bankruptcy court. The doctrine of collateral estoppel applies in discharge proceedings pursuant to § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). And, the doctrine applies to a default judgment. *Morris v. Jones*, 329 U.S. 545, 550-51 (1947) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default."); *Moyer v. Mathas*, 458 F.2d 431, 434 (5th Cir. 1972).

4

The bankruptcy court entered a default judgment because Montgomery had failed to answer PMAB's and Pope's complaint. The district court recognized the *res judicata* effect of the bankruptcy court's default judgment. That judgment was uncontested and not appealed. Therefore, the district court did not err by failing to recognize that it had the authority to set aside the default judgment.

**B.    Section 349 Does not Affect the Default Judgment**

Montgomery next argues that, because he converted his Chapter 7 bankruptcy to Chapter 13 bankruptcy at the time the default judgment was entered, section 349 renders the default judgment not preclusive. *See* 11 U.S.C. § 349. Section 349 states that the "dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed . . . ." *Id*. However, as the bankruptcy court astutely explained: "[T]o read § 349(a) as preserving discharge rights in the face of a judgment denying discharge is a misinterpretation of the statute." Moreover, the default judgment stated that Montgomery was not entitled to discharge of the debts per 11 U.S.C. § 523(a)(2)(A), (4), (6). Montgomery concedes that section 349 states that a dismissal vacates certain judgments but does not list section 523. *See* 11 U.S.C. 349(b)(2). The dismissal of the earlier bankruptcy therefore has no effect on the default judgment entered. Thus, Montgomery's argument that section 349 affects a judgment under section 523(a) fails.

5

**C.   Justice Does not Require Reversal**

Montgomery essentially argues that the default judgment was erroneous for three reasons: (1) the jury damage findings are not conclusive; (2) state law fraud does not satisfy the federal requirements for bankruptcy fraud; and (3) the judgment exceeds the state law cap on punitive damages.  The validity of the default judgment is not before this Court.  Montgomery has had the chance to attack the default judgment, but it is not through this instant appeal.  Therefore, we decline to address Montgomery's attacks on the default judgment.

Based on the foregoing, the order of the district court is AFFIRMED.