10-1553-bk
In re Pisculli

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand eleven.

Present:
        JOHN M. WALKER, JR.,
        CHESTER J. STRAUB,
        ROBERT A. KATZMANN,
                *Circuit Judges.*

_____

In re NICHOLAS F. PISCULLI, JR.,

        *Debtor.*

_____

NICHOLAS F. PISCULLI, JR.,

        *Debtor-Appellant,*

                v.                                          No.  10-1553-bk

T.S. HAULERS, INCORPORATED,
RANCO SAND & STONE CORPORATION,

        *Creditors-Appellees.*

_____

For Debtor-Appellant:                JOSEPH SFERRAZZA (Sarah M. Keenan, *on the brief*), Sferrazza & Keenan, PLLC, Melville, N.Y.

For Creditors-Appellees:          JEFFREY HERZBERG, Zinker & Herzberg LLP, Smithtown, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Debtor-Appellant Nicholas F. Pisculli, Jr., appeals from the March 18, 2010, judgment of the district court affirming the bankruptcy court's denial of Pisculli's discharge in bankruptcy pursuant to 11 U.S.C. § 727. On appeal, Pisculli argues that (1) the bankruptcy court erroneously concluded that the proceeds of a sale of assets of Pisculli's closely held corporation (the "truck sale proceeds") were the property of the bankruptcy estate and (2) he disbursed the truck sale proceeds in good faith to satisfy business debts and thus lacked the intent to defraud the creditors-appellees. We assume the parties' familiarity with the facts and procedural history of this case.

"A district court's order in a bankruptcy case is subject to plenary review, 'meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court.'" *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (quoting *In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000)). We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Id.* "[P]articularly strong deference [must be given] a [bankruptcy] court's findings of fact based on credibility assessments of witnesses it has

2

heard testify." *In re Boyer*, 328 F. App'x 711, 716 (2d Cir. 2009) (quoting *United States v. Canova*, 412 F.3d 331, 357 (2d Cir. 2005)).

Section 727(a)(2)(B) of the Bankruptcy Code provides, in pertinent part:

The court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor . . . , has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . . property of the estate, after the date of the filing of the petition[.]

11 U.S.C. § 727(a)(2)(B). Section 727(a) "must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." *In re Chalasani*, 92 F.3d 1300, 1310 (2d Cir. 1996) (internal quotation marks omitted). To prevail under Section 727(a)(2)(B), the party objecting to discharge must demonstrate that (1) the debtor (2) transferred or concealed (3) property of the bankruptcy estate (4) with the intent to hinder, delay, or defraud the creditor (5) after the filing of the bankruptcy petition. *See, e.g.*, *In re Bostick*, 400 B.R. 348, 356 (Bankr. D. Conn. 2009). The party objecting to discharge must establish those elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

Pisculli challenges the bankruptcy court's conclusions that the truck sale proceeds were property of the bankruptcy estate and that he transferred those proceeds with intent to hinder, delay, or defraud the creditors-appellees. Having carefully considered the record, we conclude that the bankruptcy court did not err in holding that the truck sale proceeds were property of the bankruptcy estate because Pisculli, as sole owner and shareholder of A.N. Leasing Corp., had full control of those proceeds. The bankruptcy court reasonably concluded also that Pisculli disbursed the truck sale proceeds with the intent to defraud the appellees because, among other

3

things, Pisculli used those proceeds to satisfy the creditors of J&R Materials Corp., one of his wholly owned businesses, and to pay personal expenses.

We have considered Pisculli's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK