# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2022

Lyle W. Cayce
Clerk

No. 21-10103

In the Matter of:  Kyle Mark Lawrence,

*Debtor*,

Kyle Mark Lawrence,

*Appellant*,

*versus*

Frost Bank,

*Appellee*.

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:19-CV-1843

Before Owen, *Chief Judge*, and Jones and Wilson, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10103

Kyle Mark Lawrence filed for bankruptcy under Chapter 7. Frost Bank contended in an adversary proceeding that the debt Lawrence owed to it was nondischargeable under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court found Lawrence's debt nondischargeable based on false representation and actual fraud. The district court affirmed. We affirm the district court's judgment.

## I

The bankruptcy court found the following: Kyle Lawrence was the sole owner and member of Lawrence Built, LLC (Lawrence Built). Lawrence formed Lawrence Built as a Texas limited liability company in 2012. Lawrence Built sometimes operated under the assumed name "LB Commercial Roofing." On July 30, 2017, Lawrence and Lawrence Built filed separate Chapter 7 bankruptcy cases.

The bankruptcy proceeding involved four secured promissory notes. These notes were all executed by Lawrence Built in favor of Frost Bank (Frost). Lawrence was the guarantor. Three of these notes were unpaid as of the date Lawrence filed for bankruptcy.

Section 523(a)(2)(A) of the Bankruptcy Code sets forth exceptions to discharge in bankruptcy proceedings.[1] The Code does not discharge a debtor from "any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."[2] Nondischargeability is a matter of federal law and "must be established by a preponderance of the

---

[1] 11 U.S.C. § 523(a)(2)(A).

[2] *Id.*

2

evidence."[3]  A basic principle of bankruptcy is that "exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor[.]"[4]  However, "a debtor has no constitutional or fundamental right to a discharge," and the "[Code] limits the opportunity for a completely unencumbered new beginning to the honest but unfortunate debtor."[5]

In *Husky International Electronics, Inc. v. Ritz*,[6] the Supreme Court concluded that "Congress did not intend 'actual fraud' to mean the same thing as 'a false representation'" under the Code.[7]  The Court interpreted "actual fraud" to "encompass fraudulent conveyance schemes, even when those schemes do not involve a false representation."[8]  Because the evidence in the case before us supports the finding of actual fraud, the district court did not err in holding that Lawrence's debt was nondischargeable.

One of the notes at issue was secured by a commercial security agreement which gave Frost a security interest in all of Lawrence Built's inventory, accounts receivable, general intangibles, instruments, rents, monies, payments and all other rights related to the accounts receivable. After granting this security interest to secure the note, Lawrence Built and Lawrence missed the very first payment on that note and all payments thereafter.

---

[3] *Cowin v. Countrywide Home Loans, Inc. (In re Cowin)*, 864 F.3d 344, 349 (5th Cir. 2017) (citing *Grogan v. Garner*, 498 U.S. 279, 284 (1991)).

[4] *Id.*

[5] *Grogan*, 498 U.S. at 286-87 (internal quotations and citations omitted).

[6] ___U.S.___, 136 S. Ct. 1581 (2016).

[7] *Id.* at 1586.

[8] *Id.* at 1590.

On April 18, 2017, Lawrence signed a Certificate of Formation for a new entity, "LB Commercial Roofing, LLC." Prior to this time, Lawrence used "LB Commercial Roofing" as a "d/b/a" for Lawrence Built. Like Lawrence Built, Lawrence was the sole owner and member of LB Commercial Roofing, LLC. Lawrence used the same logo for Lawrence Built, LB Commercial Roofing, and LB Commercial Roofing, LLC and the same phone number for Lawrence Built and LB Commercial Roofing, LLC. Lawrence never told Frost that he was creating and would be doing business through this new entity. Lawrence also met with a bankruptcy attorney in April and decided that he and Lawrence Built would file for bankruptcy. He did not file immediately, but waited to file for three months because he testified that he did not have the funds to file.

In November 2016, after the execution of debt instruments with Frost Bank, Lawrence Built subcontracted with Cresta Construction under the assumed name LB Commercial Roofing. Frost alleged that Lawrence Built diverted revenue from this construction project to the new entity, LB Commercial Roofing, LLC, without informing Frost or Cresta Construction, and that Lawrence did the same thing when subcontracting with other construction companies. Additionally, Lawrence diverted some of the funds from LB Commercial Roofing, LLC into a personal account that he failed to disclose in his original bankruptcy filing. He also transferred several intangible assets from Lawrence Built to LB Commercial Roofing, LLC.

Upon discovering this, Frost sued Lawrence in bankruptcy court, seeking to establish a breach-of-contract claim and have the court declare Lawrence's debt nondischargeable. The bankruptcy court held that Frost had established a claim against Lawrence, and that the claim was nondischargeable under 11 U.S.C. § 523(a)(2)(A) because "there were 'false representations' and 'actual fraud' committed by Mr. Lawrence against

No. 21-10103

Frost." Lawrence appealed the bankruptcy court's ruling to the district court, which affirmed. Lawrence now appeals that ruling to this court.

## II

"We review the decision of the district court by applying the same standard to the bankruptcy court's findings of fact and conclusions of law that the district court applied."[9] Accordingly, "[a] bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed de novo."[10] "Mixed questions of law and fact are also reviewed de novo."[11]

"'Actual fraud' has two parts: actual and fraud."[12] "Actual" means "any fraud that 'involv[es] moral turpitude or intentional wrong.'"[13] "Fraud" encompasses situations in which "a debtor's transfer of assets . . . impairs a creditor's ability to collect the debt."[14] In cases of fraudulent conveyance schemes, "the fraudulent conduct is not in dishonestly inducing a creditor to extend a debt. It is in the acts of concealment and hindrance."[15] In *Husky*, the debtor drained the borrowing entity "of assets it could have used to pay its debts to creditors . . . by

---

[9] *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 480 (5th Cir. 2009).

[10] *Id.* (italics omitted).

[11] *Cowin v. Countrywide Home Loans, Inc. (In re Cowin)*, 864 F.3d 344, 349 (5th Cir. 2017).

[12] *Husky Intern. Elecs., Inc. v. Ritz*, ___U.S.___, 136 S. Ct. 1581, 1586 (2016).

[13] *Id.* (quoting *Neal v. Clark*, 95 U.S. 704, 709 (1878)).

[14] *Id.* at 1587.

[15] *Id.*

No. 21-10103

transferring large sums of [the borrowing entity's] funds to other entities [the debtor] controlled."[16]

In the present case, the bankruptcy court concluded that "Mr. Lawrence perpetuated a fraudulent scheme by transferring funds from the accounts receivable of . . . Lawrence Built, into a bank account of . . . LB Commercial Roofing, LLC, with the intent of defrauding Frost Bank as a creditor." Lawrence transferred intangible assets from Lawrence Built to LB Commercial Roofing, LLC. He transferred money from LB Commercial Roofing, LLC into his own personal bank account. He deposited checks intended for Lawrence Built into the bank account of LB Commercial Roofing, LLC. In short, the bankruptcy court found that Lawrence diverted the funds of Lawrence Built, the borrowing entity, into other bank accounts in order to hinder Frost's ability to reach that money. Lawrence testified that he was concerned creditors were going to seize money from Lawrence Built.

Lawrence argues that LB Commercial Roofing, LLC actually performed the work, not Lawrence Built; but that does not undercut the bankruptcy court's determination that LB Commercial Roofing, LLC was created to hinder Frost's ability to reach assets. "When examining a debtor's intent under section 523(a)(2)(A), the Court is required to consider whether the circumstances in the aggregate present a picture of deceptive conduct on the part of the debtor, which betrays an intent on the part of the debtor to deceive his creditors."[17]

---

[16] *Id.* at 1585.

[17] *G.L. Barron Co., Inc. v. Morris (In re Morris)*, Case No. 13-70043-HDH-7, Adv. No. 13-07003, 2014 WL 550869, at *3 (Bankr. N.D. Tex. 2014) (citing *Manheim Auto. Fin. Servs., Inc. v. Hurst (In re Hurst)*, 337 B.R. 125, 133 (Bankr. N.D. Tex. 2005)).

No. 21-10103

The bankruptcy court did not err in finding that Lawrence intended to defraud Frost by perpetuating a fraudulent conveyance scheme and that Lawrence committed actual fraud actionable under § 523(a)(2)(A). The circumstances present a picture of deceptive conduct by which Lawrence was diverting assets out of Frost's reach. Lawrence's debt was accordingly nondischargeable.

\*    \*    \*

The judgment of the district court is AFFIRMED.