**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-2240**

KWANG YEALL CHOI,

Plaintiff - Appellant,

v.

CHONG MIN HYON,

Debtor - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:22-cv-00552-CMH-IDD)

Submitted:  October 16, 2023                    Decided:  November 8, 2023

Before GREGORY, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  (Michael) Hyunkweon Ryu, RYU & RYU, PLC, Vienna, Virginia, for Appellant.  Weon Geun Kim, WEON G. KIM LAW OFFICE, McLean, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kwang Yeall Choi appeals the district court's orders affirming the bankruptcy court's judgment and denying reconsideration.  On appeal, Choi challenges the court's rejection of his claims that Chong Min Hyon's debt to him is nondischargeable under 11 U.S.C. § 523(a)(2)(A), (6).  Finding no reversible error, we affirm.

"In reviewing the judgment of a district court sitting in review of a bankruptcy court, we apply the same standard of review that was applied by the district court." *Copley v. United States*, 959 F.3d 118, 121 (4th Cir. 2020).  Thus, "we review the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and any discretionary decisions for abuse of discretion." *Id.*

The Bankruptcy Code provides that a debtor may not receive a discharge of any debt for services "to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).  A creditor is "required to prove by a preponderance of the evidence that the [debtor] did engage in such misconduct." *In re Biondo*, 180 F.3d 126, 134 (4th Cir. 1999).  We have held that a creditor "must prove four elements: (1) a fraudulent misrepresentation; (2) that induces another to act or refrain from acting; (3) causing harm to the plaintiff; and (4) the plaintiff's justifiable reliance on the misrepresentation." *Id.*

Choi is correct that "[t]he term actual fraud in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359 (2016) (internal

2

quotation marks omitted). The Supreme Court explained that "[t]he word actual has a simple meaning in the context of common-law fraud: It denotes any fraud that involves moral turpitude or intentional wrong." *Id.* at 360 (cleaned up). Thus, Hyon's transfer of the $20,000 from the Interstate Arch bank account could qualify as a fraudulent conveyance. But we discern no clear error in the bankruptcy court's finding that Hyon did not act with fraudulent intent. *See Biondo*, 180 F.3d at 134 ("[S]tate of mind is a question of fact to be determined in the first instance by the bankruptcy court that can be overturned on appeal only if the finding is clearly erroneous.").

Turning to Choi's other claim on appeal, Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt attributable to "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The party challenging the dischargeability of a debt bears the burden of proving by a preponderance of the evidence that the debt is nondischargeable. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). The Supreme Court has held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Thus, "§ 523(a)(6) applies only to acts done with the actual intent to cause injury." *In re Duncan*, 448 F.3d 725, 729 (4th Cir. 2006) (cleaned up). "[T]he mere fact that a debtor engaged in an intentional act does not necessarily mean that he acted willfully and maliciously for purposes of § 523(a)(6)." *Id.*

The parties vigorously dispute whether Choi properly made the arguments he raises on appeal before the bankruptcy court and whether unpaid wages qualify as a financial

3

injury or property interest.  We may affirm "on any ground apparent on the record." *Moore v. Frazier*, 941 F.3d 717, 725 (4th Cir. 2019).  And we conclude that the bankruptcy court's factual findings show that Hyon did not willfully or maliciously cause Choi injury. *See In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995) (defining malicious in this context to be an "act done deliberately and intentionally in knowing disregard of the rights of another" (internal quotation marks omitted)).  Thus, we conclude that the bankruptcy court properly rejected Choi's arguments that Hyon's debt to him is nondischargeable in bankruptcy.

Accordingly, we affirm the district court's orders affirming the bankruptcy court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*