101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jimmie GARNER and Connie Garner, Plaintiffs-Appellees,
v.
ENERGY TRANSPORTATION CORPORATION, Defendant-Appellant.
 No. 95-7969.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 Joseph T. Stearns, New York, NY, for Appellant.
 Paul T. Hoffmann, New York, NY, for Appellees.
 Before OAKES, ALTIMARI and WALKER, Jr., Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Knapp, Judge ), and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 3
 Defendant-appellant Energy Transportation Corporation appeals from a judgment of the district court denying the defendant's motion for a new trial pursuant to Fed.R.Civ.P. 59. This is a seaman's personal injury action brought pursuant to the Jones Act, 46 U.S.C. § 688, and general maritime law alleging liability for negligence and unseaworthiness. Following a nine-day jury trial, the ten-member jury awarded the plaintiff damages in the amount of $1.1 million in connection with two slip-and-fall incidents which occurred while he was employed aboard the defendant's ship. The $1.1 million award comprised $672,000 for pain and suffering, $128,000 for past pecuniary loss, and $60,000 per year for five years for future pecuniary loss.
 
 
 4
 The defendant primarily argues that a new trial is required on the ground that the district judge "testified" in connection with the defendant's cross-examination of the plaintiff and during the court's charge addressing witness credibility. Although this trial may not have been error free, the defendant is entitled only to a fair trial, not a perfect trial. It is well established that a judge may ask questions of a witness that may aid the understanding of the jury. Johnson v. Celotex Corp., 899 F.2d 1281, 1290 (2d Cir.), cert. denied, 498 U.S. 290 (1990). Moreover, the district court did not "step across the line and become an advocate for one side." United States v. Silani, 74 F.3d 378, 385 (2d Cir.1996). We find that the judge's comments, while less than desirable, did not compromise the fairness of the trial to the defendant.
 
 
 5
 The defendant also argues that the jury's verdict cannot be sustained because it failed to apportion damages between the plaintiff's two on-board injuries. The defendant, however, failed to object to the portion of the charge instructing the jury that it need not do so if it found no contributory negligence on the part of the plaintiff. The jury found no contributory negligence by the plaintiff. Moreover, although it is possible that the jury impermissibly awarded additional damages for lost wages solely on account of the plaintiff's elbow injury, we decline to disturb the award since there is a rational basis for concluding that the jury made a proper award based on the jury's answers to the remaining interrogatories.
 
 
 6
 Finally, the defendant contends that the jury verdict should be reduced on the ground that it was excessive. Because we find that it is not so excessive that it shocks the conscience of the court, we uphold the verdict. See Scala v. Moore McCormack Lines, Inc., 985 F.2d 680, 683 (2d Cir.1993). We have considered the defendant's remaining contentions and find them to be without merit.
 
 
 7
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.