In re Gale Eugene PALMER and Juli Palmer, Debtors.

Gale Eugene PALMER and Juli Palmer, Plaintiffs,

v.

UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 95–10237–7.
Adversary No. 96/00070.

United States Bankruptcy Court, D. Montana.

Dec. 13, 1996.

W. Scott Green, West, Patten, Bekkedahl & Green, P.L.L.C., Billings, MT, for Plaintiffs.

Jeffrey D. Snow, U.S. Department of Justice, Washington, DC, and Sherry S. Matteucci, Lorraine D. Gallinger, Billings, MT, for Defendant.

## ORDER

JOHN L. PETERSON, Chief Judge.

At Butte in said District this 13th day of December, 1996.

In this Chapter 7 bankruptcy, after due notice, hearing was held November 12, 1996, at Billings ·on Defendant's Motion for Summary Judgment. Counsel for both parties appeared, and agreed to submit the matter on briefs and exhibits. Both parties have filed briefs and at hearing, each stipulated to the other's exhibits. The Court, therefore, deems the matter ripe for adjudication.

The matter initially began in April of 1985, when the Internal Revenue Service (IRS)

issued two Notices of Deficiency; one against Gale Palmer (Palmer) and the other against Juli Palmer. The Notice of Deficiency against Juli Palmer asserted a negligence penalty while the Notice of Deficiency against Palmer asserted a fraud penalty. Palmer petitioned the United States Tax Court for a redetermination of his liability. In response, the IRS filed an answer and affirmatively alleged that a portion of Palmer's deficiency was attributable to fraud. Among other things, the IRS alleged that Palmer was an employee of the Montana Power Company (MPC), but failed to report his income from MPC on his Federal income tax returns for the years 1979 through 1983 and that Palmer filed an Exemption from withholding certificate (Form W–E) with MPC, on which Palmer claimed to be exempt from Federal income tax, even though he knew he was not.

When Palmer failed to respond to the IRS' answer, the IRS petitioned the Tax Court for an Order Under Rule 37(c).[1] The Tax Court granted the IRS' motion in an Order dated December 20, 1985, stating that the affirmative allegations of fact set forth in paragraphs 8 A–R were deemed admitted. On January 27, 1986, the Office of the Clerk of the Tax Court sent Palmer a notice, apprising him of the Order and informing Palmer that the affirmative allegations were deemed admitted and that if he wished to object, Palmer would have to submit a Motion to Vacate and explain his failure to respond. Palmer took no action. The IRS subsequently moved for Summary Judgement, which the Tax Court granted in an Order and Decision, and Memorandum Sur Order dated May 22, 1986. The Tax Court specifically found that Palmer's tax deficiencies were attributable to fraud.

On February 9, 1995, Debtors filed a voluntary bankruptcy petition. In their schedules, Debtors list a debt owing to the IRS in the amount of $107,413.00. A portion of the debt is the same debt that was at issue in the above Tax Court proceeding. On September 10, 1996, Debtors filed a Complaint to Determine Dischargeability, requesting that this Court find the debt dischargeable pursuant to 11 U.S.C. § 523(a)(1).[2]

Debtors advance three arguments in opposition to the IRS' Motion for Summary Judgment. First, Debtors argue that bankruptcy courts have exclusive jurisdiction to determine the dischargeability of a tax. Second, Debtors argue that 11 U.S.C. § 505(a)(2) is not applicable to this case. Finally, Debtors argue that there was not an adjudication in the Tax Court.

The Court will first address Debtors' exclusive jurisdiction argument. Debtors quote a footnote from a Supreme Court decision to support their proposition that bankruptcy courts have exclusive jurisdiction to determine fraud, and the resulting dischargeability. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). However, Debtors misinterpret the meaning of the footnote, which reads:

> Before 1970, the bankruptcy courts had concurrent jurisdiction with the state courts to decide whether debts were excepted from discharge. In practice, however, bankruptcy courts generally refrained from deciding whether particular debts were excepted and instead allowed those questions to be litigated in the state courts. The state courts therefore deter-

---

1. Tax Court Rule 37(c) provides:
   (c) Effect of Reply or Failure Thereof. Where a reply is filed, every affirmative allegation set out in the answer and not expressly admitted or denied in the reply shall be deemed to be admitted. Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, files a motion that specified allegations in the answer be deemed admitted. That motion will be served on the petitioner and may be granted unless the required reply is filed within the time directed by the Court.

2. 11 U.S.C. § 523 provides:
   (a) A discharge under section 727, 1141, 1228[a] 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   (1) for a tax or a customs duty—

   \* \* \* \* \* \*

   (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

mined the applicable burden of proof, often applying the same standard of proof that governed the underlying claim. The 1970 amendments took jurisdiction over certain dischargeability exceptions, including the exceptions for fraud, away from the state courts and vested jurisdiction exclusively in the bankruptcy courts.

*Grogan*, at 284, n. 10, 111 S.Ct. at 658, n. 10. *Citations omitted.*

■ In the footnote, the Supreme Court clearly states that bankruptcy courts have exclusive jurisdiction to determine whether particular debts are dischargeable. Nevertheless, bankruptcy courts do not have exclusive jurisdiction to determine the underlying issue in a dischargeability action, even if the underlying issue is fraud. The Supreme Court clarifies this:

If the preponderance standard also governs the question of nondischargeability, a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and that were actually litigated and determined in the prior action.

\*　\*　\*　\*　\*　\*

In sum, if nondischargeability must be proved only by a preponderance of the evidence, all creditors who have secured fraud judgments, the elements of which are the same as those of the fraud discharge exception, will be exempt from discharge under collateral estoppel principles.

\*　\*　\*　\*　\*　\*

A final consideration supporting our conclusion that the preponderance standard is the proper one is that, as we explained in Part I, *supra,* application of that standard will permit exception from discharge of all fraud claims creditors have successfully reduced to judgment.

*Grogan*, at 284–285, and 290, 111 S.Ct. at 658–59, and 661.

■ The above excerpt from *Grogan* demonstrates that both collateral estoppel and *res judicata* are applicable to nondischargeability actions. The above excerpt specifically mentions collateral estoppel, how-ever, the requirement for a "judgment" demonstrates that *res judicata* is also applicable. As this Court has previously noted, *res judicata* has three elements: (1) the issue must have been decided in a prior adjudication and must be identical to the one presented; (2) there must have been a final judgment issued on the merits; and (3) the party against whom the plea is asserted must have been a party or in privity with a party to the prior adjudication. *In re Pickering*, 182 B.R. 268, 271 (1995).

■ In this case, the issue of fraud was decided in a prior adjudication. Furthermore, the issue of fraud in the Tax Court is the same issue of fraud raised in the case at bar. Additionally, the parties in this adversary proceeding are the same parties involved in the Tax Court proceeding. The only remaining issue, is whether the Tax Court issued a final judgment on the merits.

This leads to Debtors second argument that there was not an adjudication of fraud in the Tax Court. To support this proposition, Debtors rely on *Graham v. Internal Revenue Service (In re Graham)*, 973 F.2d 1089 (3rd Cir.1992). In *Graham*, the IRS sent a notice of deficiency to the taxpayers which included penalties and interest for fraud. Taxpayers challenged the IRS' notice of deficiency in the Tax Court arguing that certain documents the IRS used in determining the tax, penalties and interest had been improperly obtained. The parties then entered into a stipulation in favor of the IRS, which made no reference to fraud as a basis for liability. Rather, the taxpayers conceded that "the deficiencies in income tax and additions to tax determined therein, although not admitted, are uncontested . . .".

The taxpayers in *Graham* then filed for bankruptcy. The taxpayers also filed an adversary proceeding seeking to discharge the amount owed the IRS pursuant to the stipulation. In *Graham*, the Third Circuit held that "the fraud issue present in this case was not precluded by prior Tax Court judgment." This Court agrees with the holding in *Graham*, however, *Graham* is factually distinguishable from the instant case.

In *Graham,* the claim of fraud was not successfully reduced to judgment. In this case, the claim of fraud was successfully reduced to judgment. Palmer filed a petition in Tax Court. The IRS then filed an answer alleging fraud. When Palmer failed to respond to the IRS' answer, the IRS filed a motion for an Order under Rule 37(c). Again, Palmer failed to respond. Consequently, the factual allegations of fraud in the IRS's answer were deemed admitted. Based on Palmer's petition, the IRS' answer, and the deemed admitted facts in the IRS' answer, the Tax Court, on a summary judgement motion, ruled in favor of the IRS:

> Insofar as the additions to tax for fraud under section 6653(b)(1) and (2) are concerned, [IRS] has the burden of proof. Rule 142(b), Tax Court Rules of Practice and Procedure. We are satisfied that the factual, as distinguished from the conclusory, allegations contained in [IRS'] answer and deemed admitted by the Court's order, dated December 20, 1985, are sufficient to carry that burden.

By following specific procedural requirements, the IRS successfully reduced the claim of fraud to judgment. Consequently, the principles of *res judicata* prohibit this Court from redetermining the issue of fraud in the instant adversary proceeding. Since the Tax Court has already made a determination of fraud, which is binding on this Court, Palmer's tax, including penalties and interest, that was previously determined to be attributable to fraud, is excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C). Debtors argument that 11 U.S.C. § 505 is not applicable in this case is rendered moot by the above findings.

■ Also at issue is whether the taxes, penalties and interest attributable to Juli Palmer's negligence is dischargeable. There is not an exception to discharge for negligence. Consequently, any portion of the $107,413.00 due the IRS that is attributable to Juli Palmer's negligence is dischargeable. The remaining portion that Debtors owe the IRS, that is attributable to Palmer's fraud, is excepted from discharge.

IT IS THEREFORE ORDERED the clerk shall enter Judgment in favor of Defendant, Internal Revenue Service, and against Plaintiff, Gale E. Palmer, and the amount of taxes, penalties and interest owed the IRS as a result of Gale E. Palmer's fraud is non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C).

IT IS FURTHER ORDERED the clerk shall enter Judgment in favor of Plaintiff, Juli Palmer, and against Defendant, Internal Revenue Service, and the amount of taxes, penalties and interest owed the IRS as a result of Juli Palmer's negligence is dischargeable.