**In re Mark Louis OSTROVSKY, Debtor.**

**SAUNDERS AND ASSOCIATES,**
**Plaintiff,**

v.

**Mark Louis OSTROVSKY, Defendant.**

**Bankruptcy No. 97–10392–9P7.**
**Adversary No. 97–878.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

July 8, 1998.

Mark D. Hildreth, Sarasota, FL, for Plaintiff.

Jeffrey W. Leasure, Ft. Myers, FL, for Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is a challenge

of a debtor's right to protection of the general discharge. This adversary proceeding was commenced by Saunders and Associates ("Plaintiff"), naming Mark Louis Ostrovsky ("Debtor") as Defendant. The Plaintiff claims that the Debtor should be denied his discharge pursuant to 11 U.S.C. § 727(a)(2)(A) for concealing his property within one year of the filing date of his Petition to Relief.

In due course, the Debtor filed his Answer and a final evidentiary hearing was scheduled, whereupon both parties entered into a Joint Pretrial Stipulation (Doc. No. 14), stipulating to the following facts:

On March 20, 1990, a judgment in the amount of $92,158.43 was entered in favor of the Plaintiff and against the Debtor by the Trial Court of the Commonwealth of Massachusetts, Boston Municipal Court Department. On May 28, 1996, the Plaintiff recorded the judgment in Lee County, Florida.

On October 9, 1996, the Plaintiff took the Debtor's deposition in aid of execution pursuant to Rule 1.560 of the Florida Rules of Civil Procedure. During the deposition (Doc. No. 14, Exh. A) the Debtor stated that the home where he lived with his spouse and daughter in Fort Myers, Lee County, Florida, was owned solely by his spouse. Moreover, the Debtor stated that his spouse solely owned all the household furnishings. The Debtor stated that the only property he owned individually was some clothing, an electric typewriter, some textbooks, a guitar, a stereo system and a watch.

On May 12, 1997, the Plaintiff docketed a Writ of Execution with the Sheriff of Lee County, Florida; and shortly thereafter, on May 21, 1997, once again took the Debtor's deposition in aid of execution. At this deposition (Doc. No. 14, Exh. C), the Debtor stated that he owned a pair of roller blades, ice skates, tools, golf clubs and a wedding band, in addition to the property he mentioned at the first deposition.

The Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code on June 24, 1997. The Debtor listed the following property on Schedule B:

| | |
|---|---|
| Cash on Hand | $ 500.00 |
| Checking Accounts | 850.97 |
| One-half interest in household goods and furnishings | 1,253.00 |
| Stereo system | 200.00 |
| Hand tools | 25.00 |
| Power saw | 60.00 |
| Halogen lamp | 10.00 |
| Stereo cabinets | 40.00 |
| Electric typewriter | 150.00 |
| Books | 150.00 |
| Wearing apparel | 150.00 |
| Wedding band | 40.00 |
| Wrist watch | 40.00 |
| Tennis and squash rackets | 25.00 |
| Guitars | 200.00 |
| Golf clubs | 50.00 |
| Roller blades | 125.00 |
| Ice skates | 20.00 |
| Total | $3,888.97 |

The parties also stipulated that the Debtor owned all the above-scheduled items of personal property, either individually or with his spouse, at the time of both depositions in aid of execution.

The Plaintiff contends that the Debtor should be denied his general bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(2)(A) because he failed to acknowledge that he owned all of the above-scheduled property at either deposition in aid of execution; hence the Plaintiff was unable to take action to have the Lee County Sheriff levy upon the property. Thus, Plaintiff contends that the Debtor concealed his half-interest in the household goods and furnishings and his sole ownership of some miscellaneous items with the intent to hinder the Plaintiff within one year prior to the filing of his Chapter 7 Petition.

Section 727 of the Bankruptcy Code states in pertinent part:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

To successfully object to a debtor's discharge under 11 U.S.C. 727(a)(2)(A) a

creditor must establish the following elements:

(1) that the act complained of was done at a time subsequent to one year before the date of the filing of the petition;

(2) with actual intent to hinder, delay, or defraud a creditor;

(3) that the act was that of the debtor;

(4) that the act consisted of transferring, removing, destroying or concealing any of the debtor's property.

*In re Halperin,* 215 B.R. 321, 328 (Bankr. E.D.N.Y.1997).

Plaintiff has the burden of proving these elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

It is undisputed that the Debtor failed to disclose his one-half interest in the household goods and furnishings at the two depositions in aid of execution; and that both the depositions occurred within one year prior to the filing of the petition. Hence, the only issue is whether the Debtor had the requisite intent required to deny his discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

Because it is doubtful that debtors who conceal their property from creditors with the requisite intent under 11 U.S.C. § 727(a)(2)(A) will voluntarily disclose their motivation, the intent to frustrate creditors may be inferred from the debtor's conduct. *In re Olivier,* 819 F.2d 550 (5th Cir.1987); *see also In re Devers,* 759 F.2d 751 (9th Cir.1985)(intent may be based on circumstantial evidence or on reasonable inferences which may be drawn from a course of conduct).

After viewing this record in light of the foregoing, the most that can be concluded is that the evidence presented as it pertains to the Debtor's intent is in equilibrium, that is, the proof presented is equally consistent with the propositions put forth by both the Debtor and the Plaintiff. Therefore, this Court is satisfied that the Plaintiff has not met its burden, and it is appropriate to find in favor of the Debtor.

A separate Final Judgment will be entered in accordance with the foregoing.