**In re John D. HAGEN, Debtor.**

**Daniel Gage, Plaintiff,**

v.

**John D. Hagen, Defendant.**

**Bankruptcy No. 00–24796–JES.
Adversary No. 00–2338.**

United States Bankruptcy Court,
E.D. Wisconsin.

Dec. 8, 2000.

against the above-named debtor, John D. Hagen.[1] Gage seeks a determination that he is entitled to punitive damages against Hagen arising out of an automobile accident which occurred on August 28, 1995, and which Gage contends was caused by Hagen's operation of a motor vehicle while intoxicated. Gage commenced a state court action in Milwaukee County, Case No. 98–SC–20005, prior to the commencement of this bankruptcy proceeding. The state court action was scheduled to be heard as a jury trial on May 22, 2000. On that same day and shortly before the trial was to have started, Hagen filed a voluntary petition in bankruptcy which enjoined the state court action from proceeding, pursuant to the automatic stay under 11 U.S.C. § 362.

Gage has filed a motion for relief from the automatic stay, seeking permission to proceed with his pending state court action. Hagen has opposed that motion and has also filed a motion for summary judgment in this adversary proceeding claiming that punitive damages are not damages arising out of death or injury within the meaning of § 523(a)(9) and that this adversary proceeding should be dismissed.

Hagen cites, as authority for his position, *In re Alwan Bros. Co., Inc.*, 105 B.R. 886 (Bankr.C.D.Ill.1989). Although *Alwan Bros.* dealt with §§ 523(a)(2) and (6) and not § 523(a)(9), this court accepts its holding as applying to the other exceptions in § 523(a), including § 523(a)(9). The holding of the court in *Alwan Bros.* is that

S.A. Schapiro, Milwaukee, WI, for Plaintiff.

David G. Kingstad, Greenfield, WI, for Defendant–Debtor.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

Daniel Gage has filed an adversary proceeding pursuant to 11 U.S.C. § 523(a)(9)

1. 11 U.S.C. § 523(a)(9) reads as follows:
   § 523. Exceptions to discharge.
   (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

   .    .    .    .    .

   (9) for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated form using alcohol, a drug, or another substance;

   Although the adversary complaint specifies 523(a)(9) as the basis of this action, the adversary proceeding cover sheet inadvertently described the nature of the suit as pertaining to § 727, not to § 523. Gage's attorney, S.A. Schapiro, acknowledged this was a mistake. Accordingly, this court treats this adversary proceeding as being under 11 U.S.C. § 523(a)(9).

786

punitive damages are dischargeable since they are not injuries. *Alwan Bros.*, however, recognized that there was a contrary line of authority holding that both compensatory and punitive damages are nondischargeable including *In re Adams*, 761 F.2d 1422 (9th Cir.1985), which dealt specifically with § 523(a)(9).

It is important to note what has taken place in the case authority which developed after *Alwan Bros.* Although *Alwan Bros.* was decided by an Illinois court in the central district, two other Illinois bankruptcy judges in the northern district of Illinois in more recent holdings declined to follow *Alwan Bros. See In re Dvorak*, 118 B.R. 619 (Bankr.N.D.Ill.1990); *In re McGuffey*, 145 B.R. 582 (Bankr.N.D.Ill. 1992). This conflict in authority was finally put to rest in *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), where the U.S. Supreme Court ruled that punitive damages are nondischargeable. The Supreme Court noted that a fair reading of all of these subsections of § 523(a) which except from discharge a "debt for" something, demonstrates that the words "debt for" are not limited to actual damages. In its ruling, the Supreme Court stated:

> The various exceptions to discharge in section 523(a) reflect a conclusion on the part of Congress "that the creditors interest in recovering full payment of debts in these categories outweighs the debtor's interest in a complete fresh start." (quoting *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. at 659–60, 112 L.Ed.2d 755).

■ For these reasons, the court abstains, pursuant to 28 U.S.C. §§ 1334(c)(1) and (2), and grants Gage's motion for relief from the automatic stay to enable him to proceed with his pending state court action in Milwaukee County (Case No. 98–SC–20005). All issues can be decided in the state court action, including liability, damages and dischargeability. Section 523(a)(9) is one type of exception to discharge over which both the bankruptcy court and the state court have concurrent jurisdiction. *See Collier on Bankruptcy,* ¶ 523.03 (15th ed. rev.1999). In this regard, however, the court also notes that the state court action involves a jury trial. Although the issues of liability and damages are for a jury, the issue of dischargeability under § 523(a)(9) is a matter to be decided by a court and not by a jury. *See In re Hallahan*, 936 F.2d 1496, 1507 (7th Cir.1991). If Hagen is found liable and damages are established and if the state court judge declines to address the issue of dischargeability after entry of the state court judgment, this adversary proceeding shall be reopened for a determination of dischargeability.

This court also denies Hagen's motion for summary judgment.