In re: Donald L. SULLIVAN, Debtor,

Castle Nursing Home, Plaintiff–
Appellant,

v.

Donald L. Sullivan, Defendant–
Appellee.

No. 00–3901.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

Castle Nursing Home (Castle), an Ohio corporation, appeals through counsel the judgment of the Bankruptcy Appellate Panel affirming the decision of the bankruptcy court finding the debt owed Castle by the debtor, Sullivan, dischargeable. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Sullivan was a corporate officer and director of Castle, which is in the business of providing nursing home care. Sullivan failed to file a certificate of need with the state, causing Castle to lose forty-two of its beds, allegedly because Sullivan neglected his duties while working for another corporation and running an accounting business. Castle received a judgment against Sullivan in state court for breach of his fiduciary duty. Sullivan filed a

Chapter 7 bankruptcy petition, and Castle filed a petition to determine whether the debt of $402,363 was dischargeable. The bankruptcy court held a trial, and, in an opinion from the bench, found that the debt was dischargeable because it did not fall within the exception for defalcation found in 11 U.S.C. § 523(a)(4). The Bankruptcy Appellate Panel agreed and affirmed. On appeal, Castle argues for a broader construction of the defalcation exception to dischargeability.

 A party seeking to except a debt from dischargeability has the burden of proving, by a preponderance of the evidence, that the debt falls within one of the statutory exceptions. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In this case, Castle relies on 11 U.S.C. § 523(a)(4), which provides that a debt is not dischargeable if it is the result of fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. Specifically, Castle argues that Sullivan's conduct amounts to defalcation while acting in a fiduciary capacity. The bankruptcy court and the Bankruptcy Appellate Panel both concluded that Sullivan's conduct did not fit within that exception, which has been narrowly construed by this court.

In *Carlisle Cashway, Inc. v. Johnson, (In re Johnson),* 691 F.2d 249, 251–52 (6th Cir.1982), the court held that this exception applies to cases of express or technical trusts, but not to constructive trusts that courts may impose as an equitable remedy. Castle has failed to establish an express trust here. Although it may be equitable to impose a constructive trust on a corporate director for the benefit of the corporation, such equities are insufficient to bring the relationship within the defalcation exception to dischargeability of debts. More recently, in *R.E. America, Inc. v. Garver, (In re Garver),* 116 F.3d 176, 178–79 (6th Cir.1997), the court held that this excep-

tion applied to trustees who misappropriate funds held in trust, and not to those who fail to meet an obligation under a common law fiduciary relationship. *See also Fowler Bros. v. Young, (In re Young),* 91 F.3d 1367, 1372 (10th Cir.1996) (breach of general fiduciary duties of confidence, trust, loyalty, and good faith insufficient for § 523(a)(4)—express or technical trust required). In this case, Castle showed only that Sullivan violated his common law fiduciary duty as a corporate officer by failing to perform a function of his office. No trust property was misappropriated by Sullivan for his own benefit.

Therefore, the bankruptcy court and the Bankruptcy Appellate Panel properly concluded that this debt did not fall within the exception to dischargeability in § 523(a)(4). Based on the foregoing, the decision of the Bankruptcy Appellate Panel is affirmed.