**In re John D. SHEETS and Kimberly L. Sheets, Debtors.**

**Patricia A. Staiano, United States Trustee, Plaintiff,**

v.

**John D. Sheets and Kimberly L. Sheets, Defendants.**

**Bankruptcy No. 5–99–01485.**

**Adversary No. 5–00–00170A.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

Oct. 17, 2001.

Gregory Lyons, Office of the U.S. Trustee, Harrisburg, PA, for Plaintiff.

John F. Murphy, Wellsboro, PA, for Defendants.

Charles A. Szybist, Williamsport, PA, Trustee in Bankruptcy.

## OPINION[1]

JOHN J. THOMAS, Bankruptcy Judge.

██ This adversary was initiated by Complaint of the United States Trustee requesting this Court revoke a discharge granted the Debtors based upon allegations the Debtors fraudulently failed to disclose and turnover to the Chapter 7 Trustee proceeds of a fire insurance claim. At the conclusion of the trial, the Court made various findings of fact and conclusions of law but also, sua sponte, raised the issue as to the appropriate burden of proof required under 11 U.S.C. § 727(d). The Court indicated that if the required proof be by a preponderance of the evidence, then the Debtors' discharge would be revoked. If, however, the appropriate standard was clear and convincing evidence, the Debtors' discharge would stand and the Complaint would be denied.

The Defendants have cited several cases for the proposition that the burden of proof must be by clear and convincing evidence. All of the cited cases pre-date the Supreme Court case of *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The *Grogan* court held that the preponderance of the evidence is the standard of proof under 11 U.S.C. § 523(a) (dischargeability exceptions).

Because the preponderance-of-the-evidence standard results in a roughly equal allocation of the risk of error between litigants, we presume that this standard is applicable in civil actions between private litigants unless "particularly important individual interests or rights are at stake." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 389–390, 103 S.Ct. 683, 691, 74 L.Ed.2d 548 (1983); see also *Addington v. Texas*, 441 U.S. 418, 423, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323 (1979). We have previously held that a debtor has no constitutional or "fundamental" right to a discharge in bankruptcy. See *United States v. Kras*, 409 U.S. 434, 445–446, 93 S.Ct. 631, 637–638, 34 L.Ed.2d 626 (1973). We also do not believe that, in the context of provisions designed to exempt certain claims from discharge, a debtor has an interest in discharge sufficient to require a heightened standard of proof.

*Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659 112 L.Ed.2d 755 (1991).

· While the Third Circuit has not addressed the appropriate burden of proof under Section 727, all the circuit courts to address this issue have applied the *Grogan* rationale and have held a preponderance of the evidence is the appropriate burden of proof. *In re Adams*, 31 F.3d 389 (6th Cir.1994); *Farouki v. Emirates Bank International, Ltd.*, 14 F.3d 244 (4th Cir. 1994); *In re Beaubouef*, 966 F.2d 174 (5th Cir.1992); *In re Serafini*, 938 F.2d 1156 (10th Cir.1991). Additionally, several Bankruptcy Appellate Panels and numerous bankruptcy courts have also adopted the reasoning in *Grogan* making the applicable burden of proof the same for both Sections 523(a) and 727 of the Bankruptcy Code.

In conclusion, this Court joins all of the above-referenced courts and finds that the appropriate burden of proof in an action under 11 U.S.C. § 727 is a preponderance of the evidence. Based upon the evidence submitted at the time of trial and the arguments of the parties, this Court hereby revokes the entry of the discharge granted to the Debtors/Defendants on October 13, 1999.

An Order will follow.

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.