In the Matter of Marsha A. HARDEN, Debtor.

Fleet Credit Card Services, L.P., Plaintiff,

v.

Marsha A. Harden, Defendant.

Bankruptcy No. 02–50434 RFH.
Adversary No. 02–5076.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Aug. 26, 2002.

---

**544**

Craig B. Lefkoff, Atlanta, Georgia, for plaintiff.

Lynn Yount Hamilton, Warner Robins, Georgia, for defendant.

---

1. Defendant filed on August 16, 2002, a Motion to Withdraw or Amend Admissions. The Court considered Defendant's motion as a response to Plaintiff's motion for summary judgment.

2. *See* Fed.R.Bankr.P. 7016; Fed.R.Civ.P. 16.

3. Defendant's counsel was present.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Fleet Credit Card Services, L.P., Plaintiff, filed its motion for summary judgment on August 12, 2002. Marsha A. Harden, Defendant, filed her response on August 16, 2002.[1] The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Defendant filed a petition under Chapter 7 of the Bankruptcy Code on January 31, 2002. Plaintiff filed this adversary proceeding on April 23, 2002. Plaintiff contends that Defendant's credit card obligation is nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code. Plaintiff served the complaint and summons on Defendant and Defendant's counsel. The summons states that a pretrial conference would be held on June 10, 2002.[2] Defendant filed a response to the complaint.

Plaintiff's counsel failed to appear at the pretrial conference on June 10, 2002.[3] The Court entered an order on June 14, 2002, directing Plaintiff's counsel to appear at the rescheduled pretrial conference, which would be held on July 18, 2002.

Plaintiff's counsel served certain discovery, including a Request for Admissions, on Defendant's counsel on June 17, 2002.[4] Defendant's counsel received the discovery requests on June 19, 2002. Defendant's counsel failed to give proper attention to the Request for Admissions. Thus, Defendant's counsel did not serve a response to Plaintiff's Request for Admissions.[5]

---

4. The other discovery was Plaintiff's Interrogatories and a Request for Production of Documents.

5. Fed.R.Bankr.P. 7036; Fed.R.Civ.P. 36(a) (30 days to respond to request for admissions).

The Court held a pretrial conference in this adversary proceeding on July 18, 2002. Counsel for Plaintiff and Defendant participated in the pretrial conference.[6]

Plaintiff, in its motion for summary judgment, relies upon its "unanswered" Request for Admissions. The request asked Defendant to admit that she did not have the ability to pay her credit card obligation and that she did not intend to pay her credit card obligation.

Defendant's counsel, in response to the motion for summary judgment, notes that Plaintiff served its discovery requests prior to the conference required under Federal Rules of Bankruptcy Procedure 7026 and Federal Rules of Civil Procedure 26(f).

In *Citibank (South Dakota), N.A. v. King (In re King),*[7] this Court stated:

> In this adversary proceeding, Plaintiff contends that Defendant's credit card obligation is nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code.
>
> "For purposes of § 523(a)(2)(A) [of the Bankruptcy Code], a creditor must prove that (1) the debtor made a false representation with intent to deceive the creditor, (2) the creditor relied on the representation, (3) that his reliance was [justifiable], and (4) that the creditor sustained loss as a result of the representation." *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 676 (11th Cir.1993); *see Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (justifiable reliance required under section 523(a)(2)(A)).
>
> Plaintiff has the burden of proving all facts essential to support its objection to dischargeability by a preponderance of

the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

In its motion for summary judgment, Plaintiff contends that Defendant failed to timely respond to Plaintiff's Request for Admissions and that Defendant, therefore, is deemed to have admitted that he did not intend to repay Plaintiff. . . .

"Because summary judgment is a drastic measure, a motion for summary judgment based on an admission established by default may receive special scrutiny from the court. . . . When considering a motion for summary judgment based on an admission, the court may consider such factors as . . . whether the request [for admission] was properly served." 2 *Moore's Manual: Federal Practice and Procedure* § 15.18[2][b][v], at 15–250 to 15–251 (1999).

Plaintiff's complaint is an adversary proceeding. Fed.R.Bankr.P. 7001(6). "Rule 36 F.R.Civ.P. applies in adversary proceedings." Fed.R.Bankr.P. 7036.

Rule 36(a) provides, in part:

**Rule 36. Requests for Admission**

> **(a) Request for Admission** . . . . Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Fed.R.Civ.P. 36(a).

The Advisory Committee Notes to Rule 36 provide:

**ADVISORY COMMITTEE NOTES**

**1993 Amendments**

> The rule is revised to reflect the change made by Rule 26(d), preventing a party from seeking formal dis-

---

6. Plaintiff's counsel appeared via telephone.

7. Ch. 7 Case No. 98–40773 RFH, Adv. No. 98–4043 (Bankr.M.D.Ga. Apr. 30, 1999).

covery until after the meeting of the parties required by Rule 26(f).

"Rule 26 F.R.Civ.P. applies in adversary proceedings." Fed.R.Bankr.P. 7026.

Simply stated, "No request for admission may be served prior to the parties' Rule 26(f) discovery planning conference without leave of court or the written agreement of the parties." 10 *Collier on Bankruptcy* ¶ 7036.02, p. 7036–3 (15th ed. rev.1999).

The Court notes that Plaintiff's Request for Admissions was served only two weeks after Plaintiff filed this adversary proceeding. Defendant had not filed his response to Plaintiff's complaint. The Court is persuaded that Plaintiff's Request for Admissions was not served in accordance with the requirements of the Federal Rules of Civil Procedure. The Court is persuaded that Plaintiff's Request for Admissions was not properly served and that Defendant cannot be deemed to have admitted any matters contained therein

■ Turning to the case at bar, Defendant's counsel notes that Plaintiff's counsel sent the Request for Admissions prior to the conference required by Rule 26(f). The Court notes that Plaintiff's counsel failed to appear at the pretrial conference on June 10, 2002.

The Court is persuaded that Plaintiff's Request for Admissions was not served in accordance with the requirements of Rule 26(d) and that Defendant cannot be deemed to have admitted any matters contained therein. Since the Request for Admissions was filed in violation of Rule 26(d), the Request for Admissions must be stricken from the record. Furthermore, Plaintiff must start over with all its discovery.

Without the deemed admissions, the Court concludes that there are substantial material facts to be decided.

An order in accordance with this memorandum opinion will be entered this date.