# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4020

_____

| | | |
|---|---|---|
| In re: Vernon Andrew Lane, | * | |
| | * | |
| Debtor, | * | |
| ------------------------------------- | * | |
| | * | |
| Arvest Bank of Huntsville, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| Vernon Andrew Lane; | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant, | * | |
| | * | |
| John T. Lee, | * | |
| | * | |
| Trustee. | * | |

_____

Submitted: July 28, 2004
Filed: August 12, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Vernon Andrew Lane (Lane) appeals following the district court's[1] reversal of the bankruptcy court's order denying Arvest Bank of Huntsville's (ABH's) objection to Lane's discharge in bankruptcy under 11 U.S.C. § 523(a)(2)(A) (debt is excepted from discharge to extent debt was obtained by false pretenses, false representation, or fraud other than statement respecting debtor's financial condition). We affirm the judgment of the district court.

Upon independent review of the bankruptcy court's order, see In re Waugh, 95 F.3d 706, 710 (8th Cir. 1996), we agree with the district court that the bankruptcy court clearly erred in finding, after a bench trial, that Lane had not intended to deceive ABH as to the condition of collateral for purposes of obtaining a refinancing loan. Contrary to Lane's assertion on appeal, the bankruptcy court's factual findings were subject to clear-error review. See id.

We also conclude that ABH met its burden as to the remaining elements of a section 523(a)(2)(A) claim, namely, Lane made a false representation by omission, he knew the representation was false when he made it, ABH justifiably relied on Lane's representation, and ABH was injured as a result. See In re Maurer, 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000) (elements of § 523(a)(2)(A) claim); In re Van Horne, 823 F.2d 1285, 1288 (8th Cir. 1987) (deceit may be by omission or commission), abrogated on other grounds, Grogan v. Garner, 498 U.S. 279 (1991). Thus, ABH was entitled to judgment on its claim that Lane's debt to it was nondischargeable under this section.

Accordingly, we affirm.

_____

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.