ROSENBAUM, Circuit Judge,
concurring:
Sometimes one reason is enough. That’s the case here. As Judge Pryor ably demonstrates, Lunsford cannot discharge the debt of $606,892 under 11 U.S.C. § 523(a)(19)(A)’ because the bankruptcy court correctly determined that the arbitration award found that he violated securities laws. This is not a close question; the answer is clear. I would have stopped there.
*970 The panel opinion, however, goes on to reach an alternative holding — concluding that “section 523(a)(19)(A) precludes discharge regardless of whether the debtor violated securities laws as long as the securities violation caused the debt.” Maj. Op. at 968. That alternative holding may or may not prove to be correct, but by reaching it in this case, where we do not need to do so, we have needlessly created confusion about how that holding should be applied in cases where an innocent third party has a judgment against it that results from someone else’s securities fraud.
The panel suggests that we might not apply § 528(a)(19)(A)’s discharge preclusion if the situation that arose in Oklahoma Department of Securities, ex. rel. Faught v. Wilcox, 691 F.3d 1171 (10th Cir. 2012), presented itself in our Circuit. See Maj. Op. at 968-69. But this suggestion creates confusion as to how our alternative holding should be applied in cases involving innocent third parties.
In Wilcox, a Ponzi schemer defrauded investors of millions of dollars and pled guilty to various crimes related to her activities. Wilcox, 691 F.3d at 1173. The scheme also violated Oklahoma’s securities laws. Id. Following the schemer’s conviction, the Oklahoma Department of Securities sued more than 150 investors — including several who were entirely innocent — to recover the funds distributed in the Ponzi scheme. Id. The Oklahoma trial court granted summary judgment for the Department on grounds of unjust enrichment and ordered return of the investors’ profits.[1] Id. Some of the investors filed for bankruptcy and sought to discharge the debt from the Department’s judgment against them. Id. Because the bankruptcy and district courts concluded that these debts fell under § 523(a)(19)(A), they declined to discharge them. Id.
The Tenth Circuit reversed. Though it noted that the investors “were not charged with securities violations,” id. at 1175 (citation and quotation marks omitted), the Tenth Circuit nonetheless observed that the valid state-court judgment against them “require[d] them to repay profits distributed to them as a result of [the schemer’s] Ponzi scheme,” id. at 1174 (emphasis added) — in other words, as a result of a third party’s securities violations.
So under the Majority’s reasoning, though the judgments that were the cause of the debts at issue in Wilcox were for unjust enrichment, they nonetheless also seem to be “debt as a result of,” see Maj. Op. at 968 (citations and quotation marks omitted), a securities-fraud violation and therefore non-dischargeable under § 523(a)(19)(A). Yet the panel suggests that § 523(a)(19)(A)’s preclusion did not apply to the Wilcox investors’ situation because “ ‘[t]he judgments at issue [in Wilcox] [we]re not “for a violation” of securities laws but for unjust enrichment resulting from someone else’s violation of those statutes.’ ” Id. at 968 (quoting Wilcox, 691 F.3d at 1175). This internal inconsistency in the panel’s reasoning will no doubt create confusion about how courts and litigants in this Circuit are to construe and apply our alternative holding.
Maybe the panel reaches this conclusion because the judgment against the Wilcox investors was not, in name, a judgment for securities violations, though this interpretation would seem to require us to construe' the meaning of “judgment” in § 523(a)(19)(B)’s language:
*971 (b) A [bankruptcy] discharge ... does not discharge an individual debtor from any debt—
[[Image here]]
(19) that—
[[Image here]]
(B) results, before, on, or after the date on which the petition was filed, from—
(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
(ii) any settlement agreement entered into by the debtor; or
(in) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.
11 U.S.C. § 523(a)(19)(B) (emphasis added). That issue, of course, is not before us. So we have not had the benefit of briefing' on it. And if we reached out and grabbed the issue, anyway, our analysis on that question would be mere dicta, since Luns-ford’s ease, in fact, does involve a decision against him for securities fraud and therefore does not require us to resolve the question of whether the judgment must, on its face, find securities violations.
Plus, if the panel’s alternative holding is implicitly based on the conclusion that the judgment must actually be on a securities-violation cause of action (as opposed to unjust enrichment or other non-securities-violation causes of action), that would create significant potential for uneven application of § 523(a)(19)’s discharge preclusion — particularly when it comes to innocent third parties. Under those circumstances, whether an innocent debtor could discharge his debt would depend on the way in which the state or private party chose to prosecute its claim against the innocent debtor.
And if, contrary to its distinguishing of Wilcox, the panel intends for all judgments that ultimately result from securities violations — including judgments against entirely innocent investors — to be subject to § 523(a)(19)’s discharge preclusion, that interpretation appears to be at odds with “a central purpose” of the Bankruptcy Code to provide “a completely unencumbered new beginning to the honest but unfortunate debtor.” Grogan v. Garner, 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (citation and quotation marks omitted).
These matters raise some difficult questions, and we would, no doubt, benefit from advocacy on these issues by parties with an actual interest in them. We don’t have that here. For these reasons, I concur in only our holding that the bankruptcy court correctly concluded that the arbitration award found that Lunsford violated securities laws, so § 523(a)(19)(A)’s preclusion applies to the debt at issue in this ease. I would leave the issue addressed by the alternative holding to a case where it is better developed.

. Though the Oklahoma lower court ordered return of all profits without exception, the Oklahoma Supreme Court determined that innocent investors had to return profits only to the extent that they had received an unreasonable rate of return. Wilcox, 691 F.3d at 1173 n.3.